131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PR DRILLING COMPANY, INC., Third-Party Plaintiff-Appellant,
v.
TRIAD INSURANCE AGENCY, INC., Third-Party Defendant,
and
Jerry Hay, Inc., a Hawaii corporation, Third-Party Defendant-Appellee.
 No. 96-16259.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1997.
Decided Nov. 17, 1997.
 
 Appeal from the United States District Court for the District of Hawaii Helen Gillmor, District Judge, Presiding.
 Before: REINHARDT, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 PR Drilling Company, Inc. ("PRD") appeals from the district court's entry of judgment against it following a bench trial, arguing, inter alia, that the court erred by holding that PRD was not entitled to recover attorney's fees against its former insurance agency, Jerry Hay, Inc, ("JHI"). We affirm.
 
 
 3
 * PRE first contends that three of the court's factual findings were clearly erroneous and warrant reversal. With respect to the first challenged finding, PRD cites to no authority supporting its contention that an insurer fails to provide a "complete" (i.e., legally adequate) defense if that defense either fails to commence immediately upon the insured's tender or is conducted under a reservation of rights. Admiral Insurance Company ("Admiral") provided PRD with legal representation in both of the state court civil actions in which PRD was a third-party defendant; no judgment was rendered against PRD in either of those cases; and both lawsuits were settled in PRD's favor and without PRD having to contribute anything thereto. As for the remaining two challenged factual findings, PRD cites to nothing in the record that would call either of them into question, and concedes that the findings are irrelevant, anyway.
 
 
 4
 In the absence of a showing of clear error with respect to any of the three challenged findings, we reject PRD's arguments on this issue.
 
 II
 
 5
 PRE's second contention is that several of the district court's legal conclusions were erroneous and warrant reversal. Each of the challenged conclusions is briefly discussed below.
 
 
 6
 Conclusion # 15: The district court concluded that PRD was not entitled to reimbursement from Admiral for attorney's fees incurred prior to the tender of its defense to Admiral in the two state court actions. PRD does not challenge this legal conclusion as a legal conclusion; rather, PRD seems to argue that the district court's legal conclusion implicitly contains the factual misapprehension that PRD failed to tender its defense to Admiral until shortly before April 8, 1992, when Admiral agreed to defend PRD under a reservation of rights. PRD appears to contend that it was this misapprehension which caused the court to deny PRD's request for fees incurred defending itself between November 27, 1991 (when it first tendered its defense to Admiral) and April 8, 1992. The court was under no such misapprehension, as is shown by its factual finding # 23.
 
 
 7
 Conclusions # # 16, 18, 21-24, 26: The bulk of PRD's argument on appeal is that it was entitled to be reimbursed for the expense incurred by having its attorney's "monitor" or "shadow" the defense provided by Admiral. We reject this contention.
 
 
 8
 Under Hawaii law, "where the wrongful act of a defendant causes a plaintiff to engage in litigation with a third party in order to protect his or her rights or interests, attorney's fees incurred in litigating with that third party may be chargeable against the wrongdoer as an element of the plaintiff's damages." Lee v. Aiu, 85 Haw. 19, 33, 936 P.2d 655, 669 (1997) (footnote omitted). One of the four elements the plaintiff must prove in support of such a claim is that "the fees and expenses ... are the natural and necessary consequences of the defendant's act, since remote, uncertain, and contingent consequences do not afford a basis for recovery[.]" Id. (quoting Uyemura v. Wick, 57 Haw. 102, 109, 551 P.2d 171, 176 (1976)). Thus, PRD could only recover those fees spent actually litigating against a third party, and then only if the fees were "the natural and necessary consequences of [JHI's] act[.]" Id.
 
 
 9
 PRD attempts to get around the above by arguing that it was merely employing independent counsel. See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, 162 Cal.App.3d 358, 208 Cal.Rptr. 434 (1985) ("Cumis" ). See also Employers Ins. of Wausau v. Albert D. Seeno Constr. Co., 945 F.2d 284, 285 n. 1 (9th Cir.1991) ("Cumis counsel is counsel selected by the insured to represent its interest and paid for by the insurer in a conflict of interest situation."). A plaintiff is entitled to Cumis counsel if and only if a clear conflict of interest exists between the insured and the insurer, and the insured refuses to, or withdraws its consent to the representation provided by the insurer. Cumis, 162 Cal.App.3d at 375, 208 Cal.Rptr. at 505.
 
 
 10
 PRD freely consented to the defense provided by Admiral, and has not shown that a conflict of interest existed between it and its former insurer. Second, an insurer's decision to provide a defense under a reservation of rights does not entitle the insured to Cumis counsel. Golden Eagle Ins. Co. v. Foremost Ins. Co., 20 Cal.App. 4th 1372, 1394, 25 Cal.Rptr.2d 242, 257 (1994).
 
 
 11
 Conclusion # 27: The district court concluded that those fees PRD attributed to its litigation against Gerald J. Sullivan & Associates, Inc. and Sullivan & Curtis, Insurance Brokers ("S & C") could not fairly be charged to JHI as reasonable and necessary expenses under Uyemura for two reasons: (1) PRD repeatedly represented at trial that the only relevant dates were between October and December 1989, and that S & C had no culpability in this matter; and (2) PRD had already settled its claims against S & C. PRD does not challenge the district court's first stated reason, and has cited to no authority in support of its contention that fees incurred in affirmatively pressing a claim against a third party may be deemed to constitute a defense against that party. Finally, PRD failed to show that its settlement with S & C (for $50,000) only partially compensated it for the fees it incurred against S & C, and only against S & C.
 
 
 12
 Conclusions # # 27, 28, 30-32: PRD argues that the district court erred by concluding that the $100,000 representing PRD's fee settlement with Admiral, S & C, and Triad Insurance Agency, Inc. ("Triad") had to be deducted from any fee recovery sought from JHI. We disagree. See Nobriga v. Raybestos-Manhattan, Inc., 67 Haw. 157, 162-63, 683 P.2d 389, 393 (1984). Cf. National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir.1997) (while the collateral source rule permits recovery against both a tortfeasor and the insured's insurer, even if it results in a double recovery, the prohibition against double recovery applies and requires setoff when a settlement with one tortfeasor covers the same damages as those sought against another tortfeasor).
 
 III
 
 13
 PRD's final contention is that it should be allowed to relitigate the question of damages because Judge Fong made no findings of fact thereon prior to his death, and Judge Gillmor did not try the case and had no opportunity to judge the credibility of witnesses. As Judge Gillmor properly noted in her order denying PRD's motion to reconsider/for new trial,
 
 
 14
 PR Drilling identifies three putative errors of law which it claims entitle it to reconsideration. First, PR Drilling asserts that it is entitled to recover fees expended in pursuing affirmative claims against the various parties to this litigation: Admiral Insurance Co. ("Admiral"), Triad Insurance Agency, Inc. ("Triad"), and Sullivan & Curtis/Gerald J. Sullivan & Associates, Inc. ("S & C"). Second, PR Drilling maintains that settlement monies received from those parties cannot be deducted from the total damages award rendered against Jerry Hay [JHI]. Finally, PR Drilling claims that the court erred in prohibiting the recovery of so-called monitoring fees incurred when counsel for PR Drilling "shadowed" the litigation efforts of the counsel appointed on PR Drilling's behalf by Admiral in the two underlying lawsuits which gave rise to the instant case.
 
 
 15
 ER 4 at 3-4 (footnote omitted).
 
 
 16
 Each of the claimed errors has already been disposed of above. PRD was given every opportunity to prove up its claim and apportion its attorney's fees. It failed to make its affirmative case as to the fees. Accordingly, the decision appealed from is
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir R. 36-3