**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE MOORINGS, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DONGBU INSURANCE CO., LTD., a Republic of Korea Corporation, <br><br> Defendant-Appellant. | No.  16-16666 <br><br> DC No. 15-0497 BMK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted June 12, 2018
Honolulu, Hawaii

Before:    TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Defendant-Appellant Dongbu Insurance Co., Ltd. ("Dongbu") appeals the

district court's judgment in favor of Plaintiff-Appellee Association of Apartment

Owners of the Moorings, Inc. ("Moorings").  On cross-motions for summary

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

judgment, the district court concluded that Dongbu was required to indemnify Moorings for an award of attorney's fees that an arbitrator ordered Moorings to pay to Jo-Anne and Brent Braden (the "Bradens") in connection with the Bradens prevailing on a claim that their condominium unit incurred water damage due to a leaking lanai roof. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), we affirm.

Dongbu was obligated to reimburse those sums that Moorings became legally obligated to pay as damages because of covered property damage. It is undisputed that Moorings became legally obligated to pay the Bradens' attorney's fees once the state court confirmed the arbitration award. Further, the water damage to the Bradens' home constitutes covered property damage under the policy, as Dongbu conceded below. Dongbu's reliance on cases where there was no covered property damage is thus unfounded.

The policy does not define "damages," but in other contexts Hawaii has noted that "an award of . . . fees to a prevailing party is inherently in the nature of a damage award." *Fought & Co. v. Steel Eng'g & Erection, Inc.*, 951 P.2d 487, 501 (Haw. 1998). Contrary to Dongbu's assertions, Hawaii has recognized that an award of fees is "in the nature of damages" outside the context where fees are

2

awarded under the rule announced in *Uyemura v. Wick*, 551 P.2d 171, 176 (Haw. 1976). *See, e.g., Nelson v. Hawaiian Homes Comm'n*, 307 P.3d 142, 148–49 & n.4 (Haw. 2013). Whether the fees here are *Uyemura* fees is therefore inconsequential. Moreover, in the context of the policy, the plain meaning of "damages" encompasses the fees the Bradens incurred to vindicate their claim for water damage to their home, even if those fees are not a measure of that physical damage. The fees awarded to the Bradens as the prevailing party thus fall within the meaning of "damages" under the policy.

That the fees were awarded in connection with the Bradens' status as a prevailing party does not bring them outside the policy's coverage. The policy provides coverage for damages Moorings must pay "because of" covered property damage. This phrase, which is undefined, connotes a non-exacting causation requirement whereby any award of damages that flows from covered property damage is covered, unless otherwise excluded. *Cf. C. Brewer & Co. v. Marine Indem. Ins. Co. of Am.*, 347 P.3d 163, 166 (Haw. 2015). The Bradens were awarded fees, likely under Haw. Rev. Stat. § 514B-162(e), because their home incurred water damage, and they incurred additional loss in order to recover for this damage. The fee award is thus properly considered an award of damages that

3

Moorings must pay "because of" that covered property damage and is not otherwise excluded.

At the least, examining the relevant language in the context of the policy as a whole makes clear that Moorings' interpretation is a reasonable one, meaning any ambiguity must be resolved in favor of coverage. *See Allstate Ins. Co. v. Pruett*, 186 P.3d 609, 614 (Haw. 2008).

**AFFIRMED.**