KIKUYO UYEMURA, Plaintiff-Appellee, *v.* ERLING P. WICK, WICK REALTY, INC. and KULA 200, Defendants-Appellants, and ROBERT HUNG CHO CHUNG and MARGARET SAN YEN CHUNG, Defendants-Appellees

NO. 5648

JUNE 10, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal was brought by defendants, Erling P. Wick (Wick), Wick Realty, Inc. (Wick Realty) and Kula 200, a limited partnership (Kula 200) (collectively appellants). The appellants take exception to portions of a judgment rendered by a trial court sitting without jury, which held them liable to plaintiff, Kikuyo Uyemura (appellee), for breach of contract in the amount of $2,000.00 and to defendants, Robert Hung Cho Chung and Margaret San Yen Chung (the Chungs), who

filed a cross-claim against the appellants, in the amount of $500.00 for attorneys' fees and costs. For reasons below, we affirm the grant of the attorneys' fees and costs to the Chungs, but reverse and set aside the judgment of $2,000.00 to appellee and remand the case for entry of nominal damages to appellee.

### STATEMENT OF THE CASE

On September 26, 1972, appellee filed a complaint alleging, *inter alia*, in the first count: refusal by appellants to perform a written contract signed by appellee and appellants, wherein appellants agreed to sell to appellee a specific parcel of real property, Lot 2 of the Kula 200 subdivision; second count: appellants' failure to perform as agreed has upset appellee's plans for development and use of the property and also has caused appellee mental anguish and suffering.

The appellee prayed for a court order requiring appellants to specifically perform the contract, and, in the alternative, sought judgment against appellants "for general damages, compensatory damages, damages for loss of bargain, attorneys fees" and costs.

A notice of lis pendens was attached to the complaint. The complaint was served on the appellants on the morning of September 27, 1972. Later the same day, the appellants executed a deed of the property involved to the Chungs.

The Chungs were made additional party defendants by an amendment of the complaint by order of the court filed February 22, 1973.

The record herein does not show whether the notice of lis pendens was recorded in the Bureau of Conveyances.[1]

---

[1] HRS § 634-51 (Supp. 1975) (formerly § 634-76 in 1972) provides:

[§634-51] Recording notice of pendency of action. In any action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description

FACTS

Kula 200 subdivided a tract of land on the island of Maui and Wick Realty, a general partner of Kula 200, was the sales agent for the project. Wick. a broker of approximately twenty years experience, was also a general partner of Kula 200 and was the president of Wick Realty. Herbert Brook (Brook) was an officer of Wick Realty and a broker for that organization.

On or about August 11, 1972, after the Chungs orally expressed an interest in purchasing Lot 2 of the Kula 200 subdivision, Brook put a one-week "hold"[2] on it for the Chungs. Unaware of Brook's "hold", but after being assured by his office that Lot 2 was available for sale, Wick, on August 13, 1972, entered into a written agreement with appellee for the sale of Lot 2. Wick, as seller, signed on behalf of Kula 200 and Wick Realty, Inc. The agreement acknowledged a $100 initial deposit by appellee and required appellee to make an additional deposit of $3,300.00 within 8 days with the balance of the selling price of $34,000.00 due in monthly installments over the next 10 years at 8½% interest.

On August 14, 1972, after being informed of Brook's "hold" on Lot 2 for the Chungs, Wick decided to honor the "hold".

On August 16, 1972, the Chungs, after meeting Brook for the first time on a face-to-face basis, decided to buy Lot 2 and

---

of the property affected thereby. From and after the time of recording the notice, a person who becomes a purchaser or incumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if he claims through a party to the action; provided, that in the case of registered land, section 501-151 shall govern.

This section authorizes the recording of a notice of the pendency of an action in a United States District Court, as well as a state court.

*Note:* A check made at the Bureau of Conveyances shows a belated recordation on December 11, 1972.

[2] No explicit definition or meaning of the word "hold" is stated in the record. However, the following meaning is gleaned from the record: "hold" is a term used by real estate salespeople to describe a courtesy device used among the salespeople. A salesperson who thinks that he has a prospective buyer for a particular lot places the word "hold" on the parcel in the subdivision map. It is designed to give the buyer a certain limited time to decide to buy or not — but is not binding on the salesperson or the prospective buyer. During the period noted in the "hold" the other salespersons, as a matter of courtesy, refrain from selling the particular parcel.

paid Brook a $500.00 deposit. The Chungs were not aware nor made aware of the sale of Lot 2 to the appellee.

On August 18, 1972, Wick informed appellee that Lot 2 was sold to the Chungs and returned appellee's $100.00 deposit. However, on August 22, 1972, Wick received an additional payment from appellee, paid by appellee in accordance with the terms of the written agreement. Wick returned the additional payment to appellee along with a letter re-explaining the sale to Chungs.

In the meantime, on September 14, 1972, the Chungs paid off in full the balance of the $34,000.00 selling price of Lot 2. The record does not reflect any written agreement of sale, contract or memorandum executed by appellants and the Chungs requiring appellants to sell and the Chungs to buy Lot 2. The only written matter is a memo given by Brook to the Chungs when the Chungs paid the initial $500.00:

Robert Hung Cho Chung
Margaret San Yen Chung
3519 Campbell Ave.
Honolulu HI 96815

Kula 200 Subdiv. Lot #2

    Price        $34,000.00
    deposit           500.00

Int. [interest] from Sept. 1, 1972

They will inform me if balance of down payment ($6800 less $500 = $6300) will be paid or full price in cash within 10 days. Either way, payments due during September plus interest at $8\frac{1}{2}\%$ from Sept. 1, 1972.

8 Central Av.                          Wick Realty Inc.
Wailuku 96792                          Herbert P. Brook

On September 27, 1972, appellants were served with appellee's complaint. Nevertheless, after said service, the appellants delivered a deed to Lot 2 to the Chungs without explaining to the Chungs the mix-up with the appellee. A title search was conducted and completed on October 5, 1972, but it failed to reveal appellee's pending litigation.

Upon discovery of the Chungs' identities, appellee joined

them as defendants and served them with an amended complaint on March 3, 1973. The Chungs responded by filing an answer to the amended complaint and also a cross-claim against appellants for, among other things, attorneys' fees and costs.

At the trial on November 26, 1973, appellee requested a leave of court to amend her complaint to include punitive damages in her prayer against Wick. The court sustained appellants' objection and denied appellee's request.

Upon completion of the trial, the trial court denied appellee's prayer for specific performance on the ground that the Chungs were bona fide purchasers. The court, however, awarded appellee $2,000.00 in damages. Additionally, the court granted the Chungs $500.00 as attorneys' fees and costs.

From the above decision appellants bring this appeal contending:

(1) that in the absence of bad faith, a vendor who breaches a land sale contract is only liable for nominal damages and thus, trial court erred in granting appellee substantial damages;

(2) that appellee failed to introduce any evidence of damages suffered as a result of appellants' breach of contract, thus, the judgment granting substantial damages to appellee is void; and

(3) that attorneys' fees and court costs were improperly awarded to the Chungs for the trial court lacked specific statutory authorization to do so.

The trial court's findings of fact and conclusion of law read as follows:

*FINDINGS OF FACT:*

1. That there is a valid contract by Plaintiff for the purchase of the lot in question from Defendants Erling P. Wick, Wick Realty, Inc., and Kula 200, as represented by the Deposit, Receipt, Offer and Acceptance.

2. That Defendants Wick, Wick Realty, and Kula 200 breached the contract and sold the lot to Defendants Robert Hung Cho Chung and Margaret San Yen Chung.

3. That Plaintiff did not get what she bargained for.

4. That Defendants Robert Hung Cho Chung and Margaret San Yen Chung are bona fide purchasers for value without actual or constructive notice of Plaintiff's prior equities.

5. That Plaintiff is entitled to damages from Defendants Wick, Wick Realty, and Kula 200 in the amount of $2,000.00.

6. That Defendants Robert Hung Cho Chung and Margaret San Yen Chung are entitled to attorney's fees and court costs in the amount of $500.00.

*CONCLUSION OF LAW*

1. That land is a unique item and is so classified by law.

2. That the breach of the contract by Defendants Wick, Wick Realty and Kula 200 denied Plaintiff her bargain for which she is entitled to damages.

3. That because Defendants Robert Hung Cho Chung and Margaret San Yen Chung are bona fide purchasers for value without actual or constructive notice of Plaintiff's prior equities, they prevail over Plaintiff as to ownership of the land in question.

4. That Plaintiff is entitled to damages in the amount of $2,000.00 from Defendants Wick, Wick Realty and Kula 200.

5. That Defendants Robert Hung Cho Chung and Margaret San Yen Chung are entitled to attorney's fees and court costs in the amount of $500.00 from Defendants Wick, Wick Realty and Kula 200.

I. GRANT OF ATTORNEYS' FEES TO CHUNGS.

The parties agree that the accepted rule on attorneys' fees is that ordinarily they cannot be awarded as damages or costs unless so provided by statute, stipulation or agreement. *Salvador v. Popaa,* 56 Haw. 111. 530 P.2d 7 (1974); *Olokele Sugar Co. v. McCabe, Hamilton & Renny Co.* 53 Haw. 69, 72, 487 P.2d 769, 771 (1971). However, it is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others, or placed him in such rela-

tion with others as makes it necessary to incur expenses to protect his interest, such expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act, and may be recovered as damages. In this regard, 1 S. SPEISER, ATTORNEYS' FEES, § 13:4 (1973), spells out the necessary conditions for the exception to take effect:

> In order to recover attorneys' fees under this principle, the plaintiff must establish: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant, or because of defendant's tortious conduct, that is, that the party sought to be charged with the fees was guilty of a wrongful or negligent act or breach of agreement; (2) that the litigation was with a third party, not with the defendant from whom the fees are sought to be recovered; (3) that the attorneys' fees were incurred in that third-party litigation; and (4) whether the fees and expenses were incurred as a result of defendant's breach of contract or tort, that they are the natural and necessary consequences of the defendant's act, since remote, uncertain, and contingent consequences do not afford a basis for recovery. . . . [Pp. 624-25]

See Lang v. Klinger, 34 C.A.3d 987, 110 Cal. Rptr. 532 (1973); Prentice v. North American Title Guaranty Corp., 59 C.2d 618, 30 Cal. Rptr. 821, 381 P.2d 645 (1963), but see Chun v. Park, 51 Haw. 462, 462 P.2d 905 (1969).

In the instant case, the transcript of the proceedings shows that Mrs. Chung testified as follows:

> Q. (By Mr. Hirai, Chungs' Attorney): Uh, do you know, if at all, if Mr. Chung ever received any other kind of notice from anybody regarding this matter [the mix-up with Uyemura]?

> A. (By Mrs. Chung): No. Um, only thing he had asked Mr. Brooks (sic) if, you know, if the land is ours or not. And Mr. Brooks (sic) told him "When I tell you it's yours, it's yours."

> Q. And when did this transpire?

A. Um, let's see. This was after we made the deposit or downpayment whatever. [$500 check]

The above testimony shows, at the least, a clearly implied representation by the appellants to the Chungs that no prior contract of sale with another purchaser existed. We further construe the above, in light of the total facts adduced herein, as a fraudulent concealment by appellants of the fact that litigation was pending or imminent in regards to appellants' legal ability to sell or to convey clear title to the lot in question to the Chungs. *See Musgrave v. Lucas,* 193 Or. 401, 238 P.2d 780 (1951); *Corbett v. McGregor,* 84 S.W. 278 (Tex. Civ. App. 1904); *Kuhn v. Gottfried,* 103 C.A.2d 80, 229 P.2d 137 (1951); and 33 A.L.R. 848, 1033-34. Also *see generally* PROSSER, LAW OF TORTS §§ 105, 106 (4th ed. 1971).

We, therefore, conclude that the Chungs are entitled to their attorneys' fees and costs, as damages, under the exception stated in SPEISER.

## II. GRANT OF DAMAGES OF $2,000.00 TO THE APPELLEE.

### A. Breach of Contract:

The transcript of the proceedings shows that the trial court orally concluded that the appellants' breach of the contract was "no wrong that could be classified as a reckless type of wrong".

The trial court's findings of fact and conclusion of law fail to mention the above conclusion. Furthermore, the findings of fact fail to show what basis the trial court relied upon in its determination that the "uniqueness" of the parcel of real property herein amounted to $2,000.00 in damages to the appellee.

A review of the record further fails to show any evidence of any basis by which the trial court could reasonably measure the loss and damages suffered by appellee to be $2,000.00.

In *Ferreira v. Honolulu Star-Bulletin,* 44 Haw. 567, 356 P.2d 651 (1960), we stated:

It is now a well established principle in the law of damages that, when one sustains loss by breach of a

contract, he is entitled to have just compensation commensurate with his loss. . . .[44 Haw. at 573-74. 356 P.2d at 655]

We further stated:

The extent of plaintiff's loss must be shown with reasonable certainty and that excludes any showing or conclusion founded upon mere speculation or guess. . . . [44 Haw. at 576, 356 P.2d at 656]

And, with approval, we quoted the following from 15 Am. Jur.. *Damages* § 23:

To authorize a recovery of more than nominal damages, facts must exist and be shown by the evidence which afford a basis for measuring the plaintiff's loss with reasonable certainty. The damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture. or surmise. . . . [44 Haw. at 576, 356 P.2d at 656]

We further stated:

It is axiomatic that when there is a breach of a valid and binding contract, if actual damages cannot be proved with reasonable certainty. the law infers some damages. The party whose legal right has been invaded by such breach is entitled to at least nominal damages,. . . . [44 Haw. at 577, 356 P.2d at 657]

And in defining nominal damages we stated: ". . . the sum of One Dollar and his costs". [44 Haw. at 580, 356 P.2d at 658]

We conclude that the judgment of $2,000.00 constituted substantial damages, unsupported by the trial court's findings of fact and conclusion of law and the record herein.[3]

Furthermore, appellee failed to adduce any evidence showing any actual damages suffered by her. Thus, any judgment in favor of appellee for damages suffered, over and

---

[3] *See* Malani v. Clapp. 56 Haw. 507. 542 P 2d 1205 (1975). re measure of damages for breach of contract to lease

*See* Charles County Broadcasting Co.. Inc. v. Meares. 270 Md. 321. 311 A.2d 27 (1973). for the measure of damages available for breach of contract to convey real estate, where vendor for any reason is unable to perform the conveyance and is guilty of no fraud.

above nominal damages, would be unsupported by the record herein.

B. Tortious Injury:

In *Dold v. Outrigger Hotel*, 54 Haw. 18, 22, 501 P.2d 368, 372 (1972), we held:

> [W]e are of the opinion that where a contract is breached in a wanton or reckless manner as to result in a tortious injury, the aggrieved person is entitled to recover in tort. Thus, in addition to damages for out-of-pocket losses, the jury was properly instructed on the issue of damages for emotional distress and disappointment.

We believe that the trial court's conclusion as stated previously, that the appellant's breach of the contract was "no wrong that could be classified as a reckless type of wrong" precludes any recovery by the appellee for the alleged tortious injury.

We, therefore, affirm the grant of attorneys' fees and court costs totaling $500.00 to the Chungs and set aside the $2,000.00 damages granted to appellee and remand the case for entry of nominal damages in accordance with this opinion.

*Edward F. Mason (Crockett & Crockett* of counsel) for defendants-appellants.

*Raymond Lee* for plaintiff-appellee.

*Henry T. Hirai (Hirai & Hirai* of counsel) for defendants-appellees.