**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY LUDLOW and KATHELYN LUDLOW,

Plaintiffs-Appellants,

v.

LOWE'S HOME CENTERS, LLC,

Defendant-Appellee.

Nos.   14-16869
          14-17236

D.C. No. 1:12-cv-00476-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Argued and Submitted February 15, 2018
Honolulu, Hawaii

Before:  O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Jeffrey and Kathelyn Ludlow appeal the district court's rulings denying

them damages for loss of use and diminution in value to their home resulting from

Lowe's Home Centers, LLC's installation of a refrigerator.  We have jurisdiction

under 28 U.S.C. § 1291.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We affirm the district court's decision to deny the Ludlows' claim for damages resulting from loss of use and diminution in value because the Ludlows failed to present competent evidence to support such damages. First, the district court did not abuse its discretion in striking the testimony of the Ludlows' expert witness, John Ferguson, because the court's determination that he was not qualified as an expert under Federal Rule of Evidence 702 was supported by the record. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014). Likewise, the court did not abuse its discretion in striking specified paragraphs from the declaration of the Ludlows' contractor, Matthew Boone. The paragraphs constituted expert testimony, and the court had previously excluded Boone from testifying as an expert because the Ludlows failed to timely disclose him. Without the excluded testimony of Ferguson and Boone, the Ludlows could not show their damages with "reasonable certainty." *Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Haw. 277, 292 (2007); *Uyemura v. Wick*, 57 Haw. 102, 111 (1976) (quoting *Ferreira v. Honolulu Star-Bulletin, Ltd.*, 44 Haw. 567, 576 (1960)).

**AFFIRMED**