**<u>NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000571**
**22-JAN-2025**
**07:54 AM**
**Dkt. 108 SO**

NO. CAAP-21-0000571

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DUKE KAHANAMOKU PAOA, CHRISTIAN K.L. CHING, JR.,
BRYAN JEREMIAH, MARK K. KAHAPEA, ROBERT E. LUECKE, MICHAEL AH
WUEN LOW, JOHN DOE 1, and JOHN DOE 2, Plaintiffs-Appellees,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP DBA KAMEHAMEHA
SCHOOLS, JENNIFER NOELANI GOODYEAR-KAʻŌPUA, in her capacity as
Trustee of the Estate of Bernice Pauahi Bishop d.b.a. Kamehameha
Schools, ROBERT K.W.H. NOBRIGA, in his capacity as Trustee of
the Estate of Bernice Pauahi Bishop d.b.a. Kamehameha Schools,
ELLIOT KAWAIHOʻOLANA MILLS, in his capacity as Trustee of the
Estate of Bernice Pauahi Bishop d.b.a. Kamehameha Schools,
MICHELLE KAʻUHANE, in her capacity as Trustee of the Estate of
Bernice Pauahi Bishop d.b.a. Kamehameha Schools, and CRYSTAL
KAUILANI ROSE, in her capacity as Trustee of the Estate of
Bernice Pauahi Bishop d.b.a. Kamehameha Schools, [1]
Defendants/Third-Party Plaintiffs-Appellants,

ESTATE OF ROBERT MCCORMICK BROWNE, Deceased, Third-Party
Defendant/Cross-claim Defendant-Appellee,
and

---

[1] Pursuant to Hawaii Rules of Evidence Rule 201 and Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Jennifer Noelani Goodyear-Kaʻōpua and Michelle Kaʻuhane are current Trustees of the Estate of Bernice Pauahi Bishop and are automatically substituted as Defendants/Third-Party Plaintiffs-Appellants in place of Micah Alika Kane and Lance Keawe Wilhelm.

ST. FRANCIS MEDICAL CENTER f/k/a ST. FRANCIS HOSPITAL, Inc.,
Third-Party Defendant/Cross-claimant/Counterclaimant-Appellee,
and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
Third-Party Defendant-Appellee,
and
JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and
DOE NON-PROFIT ENTITIES 1-10, Third-Party Defendants, DOE CROSS-
CLAIM DEFENDANTS 1-10, Cross-claim Defendants, DOE COUNTERCLAIM
DEFENDANTS 1-10, Counterclaim Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0000617)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of a settlement between Third-Party Defendant/Cross-claimant/Counterclaimant-Appellee St. Francis Medical Center, Third-Party Defendant-Appellee St. Francis Healthcare System of Hawaii,[2] and Plaintiffs-Appellees Duke Kahanamoku Paoa, Christian K.L. Ching, Jr., Bryan Jeremiah, Mark K. Kahapea, Robert E. Luecke, Michael Ah Wuen Low, John Doe 1, and John Doe 2 (**Plaintiffs**). Defendants/Third-Party Plaintiffs-Appellants Trustees of the Estate of Bernice Pauahi Bishop, dba Kamehameha Schools (**Kamehameha Schools**) appeal from the "Order Granting St. Francis Medical Center's Petition for Determination of Good Faith Settlement and St. Francis Healthcare System of Hawaii's Substantive Joinder" (**Order**),

---

[2] St. Francis Medical Center and St. Francis Healthcare System of Hawaii are separate entities, and are represented by separate counsel in this litigation. They are referenced individually as St. Francis Medical Center and St. Francis Healthcare System of Hawaii, and collectively as **St. Francis**, in this Summary Disposition Order.

entered on October 1, 2021, by the Circuit Court of the First Circuit, (**circuit court**).[3]

## I.  BACKGROUND

Plaintiffs identified Dr. Robert McCormick Browne (**Dr. Browne**), formerly employed as Chief of Psychiatry at St. Francis, as having sexually abused them as children.  Plaintiffs allege that this abuse collectively occurred between 1972 and 1981, and that they were abused at the time they were students at Kamehameha Schools.  In April 2020, Plaintiffs filed their Complaint against Kamehameha Schools, pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016 & Supp. 2018), which permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred.

Plaintiffs' Complaint, as amended in November 2020,[4] alleged the following claims against Kamehameha Schools: sexual assault and battery; breach of fiduciary duty; gross negligence; intentional infliction of emotional distress; grossly negligent infliction of emotional distress; grossly negligent or reckless

---

[3]    The Honorable Gary W.B. Chang presided.

[4]    The declaration of Plaintiffs' counsel represents that Plaintiffs agreed not to name St. Francis in their Complaint, in exchange for a tolling of the applicable statute of limitations while Plaintiffs and St. Francis engaged in a mediated settlement process before the initiation of formal litigation against St. Francis.

referral, selection, training, retention, and/or supervision of Dr. Browne; and punitive damages.

Kamehameha Schools filed a third-party complaint against St. Francis and the Estate of Dr. Browne[5] in December 2020. And in January 2021, St. Francis Medical Center filed a cross-claim against the Estate of Dr. Browne and a counterclaim against Kamehameha Schools.

Plaintiffs and St. Francis began formal mediation with mediator Keith Hunter in January 2021. Kamehameha Schools declined to participate in the mediation. On January 29, 2021, Plaintiffs and St. Francis agreed to a settlement of Plaintiffs' individual and collective claims. The terms of the settlement are memorialized in the Confidential Release, Indemnity, and Settlement Agreement (**Settlement**). The Settlement sets forth the amount of monetary consideration to be paid by St. Francis Medical Center and St. Francis Healthcare System of Hawaii, and the specific apportionment of that payment to each Plaintiff. The Settlement provided that the agreed-upon monetary payment constituted consideration for the release of Plaintiffs' past, present and future claims against St. Francis arising out of this litigation.

---

[5] Dr. Browne is deceased. His Estate is a nominal Third-Party Defendant/Cross-claim Defendant-Appellee in this appeal.

In March 2021, St. Francis Medical Center filed a Petition for Determination of Good Faith Settlement (**Petition**). St. Francis Healthcare System of Hawaii and Plaintiffs filed joinders to the Petition. The circuit court heard the Petition in July 2021, and subsequently filed its Order granting the Petition in part.

Kamehameha Schools appealed.

## II. POINTS OF ERROR

Kamehameha Schools raises two points of error on appeal, contending that the circuit court erred by: (1) determining the Settlement was in good faith; and (2) concluding that the good faith settlement bars all of Kamehameha Schools' third-party claims under HRS § 663-15.5 (2016).

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamehameha Schools' contentions as follows:

(1) Kamehameha Schools contends that the circuit court's finding of a good faith settlement is contrary to each of the factors specifically enumerated in Troyer v. Adams, 102 Hawaiʻi 399, 427, 77 P.3d 83, 111 (2003).

"[T]he determination of whether a settlement is in good faith [is left] to the sound discretion of the trial court in light of the totality of the circumstances surrounding the

5

settlement. . . .  On appeal, the trial court's determination will be reviewed for abuse of discretion."  Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091, 1097 (2007) (citation omitted).  "An appellate court should consider the decision in light of all of the relevant circumstances extant at the time of settlement."  Id. (cleaned up).

> In assessing the totality of the circumstances,
>
> > the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial . . .; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 413, 153 P.3d at 1098 (citing Troyer, 102 Hawai'i at 427, 77 P.3d at 111).  "The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith."  Id. (citation omitted).

In approving the Petition, the circuit court explained its reasoning as follows,

> So there are a number of factors that the Court must consider in determining whether or not a settlement is or is not entered into in good faith.
>
> But what the appellate court told the trial courts is to look at the totality of circumstances, look at the big picture, and make a call whether the settlement is

or is not fair and made in good faith. Look for indicia of fraud or indicia of collusion, which would destroy the good faith nature of any settlement agreement.

And when this Court looks to the record, the Court is not able to find any fraud or collusion upon any other party or upon the Court.

Then the Court looks at all of the other factors that bear upon the question of whether or not the settlement is made in good faith. And it is the abiding finding and conclusion of this Court that the subject settlement is made in good faith.

So for these and any other good cause showing, the Court finds and concludes that the subject settlement is not the product of any collusion, is not the product of any fraud, and that is both against any party or the Court.

The Court does believe that the amount of the consideration being paid in this case is fair when considering all of the factors. That includes insurance coverage issues of significant magnitude as well as proof issues.

And the Court is not discounting the notice issues raised by Kamehameha Schools. In fact, the Court is giving that great consideration. But that is one element of notice. And there are other elements in order to establish liability.

And this Court is not making a -- a conclusion that St. Francis has no liability. Quite the contrary, I think there is exposure to liability. And the amount of the settlement is a fair amount when all things are considered as well as the potential liability as to the plaintiffs' claims against Kamehameha Schools.

So it is quite a delicate balancing test. It is a balance of factors that in this Court's estimation operates in favor of the petition.

This Court finds and concludes that the subject settlement was made in good faith, and the Court makes that determination after looking at the totality of circumstances and applying this Court's experience with civil matters, particularly in view of cases that involve alleged sexual abuse of children.

The record reflects that the circuit court took into consideration the totality of circumstances underlying the Settlement, including, *inter alia*, consideration of the monetary

7

value of the Settlement, Plaintiffs' claims of alleged child sexual abuse, and St. Francis' potential liability. It is also clear that the Plaintiffs and St. Francis, through the assistance of a neutral mediator, entered into the Settlement in an effort to avoid additional litigation, such that the Plaintiffs could achieve resolution of their claims against St. Francis, and St. Francis could "buy their peace." Troyer, 102 Hawai'i at 427, 77 P.3d at 111; see also Island Helicopters-Kauai, Inc. v. Tesoro Haw. Corp., No. 30736, 2012 WL 503799, at *4 (Haw. App. Feb. 13, 2012) (mem. op.).

Thus, the circuit court did not abuse its discretion by determining, in its consideration of the Troyer factors "to the extent that they [were] known at the time of settlement" and the totality of circumstances, that the Settlement between Plaintiffs and St. Francis was entered into in good faith. Troyer, 102 Hawai'i at 427, 77 P.3d at 111.

(2) Kamehameha Schools further contends that the circuit court erred in concluding that the Settlement bars all of Kamehameha Schools' third-party claims[6] under HRS § 663-15.5.

---

[6] Kamehameha Schools' third-party complaint asserts claims against St. Francis Medical Center for: breach of contract, negligence, indemnification, contribution and/or equitable subrogation, a Uyemura v. Wick claim for attorneys' fees pursuant to Uyemura v. Wick, 57 Haw. 102, 551 P.2d 171 (1976), intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil. The third-party complaint also asserts claims against St. Francis Healthcare System of Hawaii for: intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil.

(continued . . .)

We review the circuit court's conclusions of law *de novo*, under the right/wrong standard.  <u>State v. Hoshijo ex rel. White</u>, 102 Hawaiʻi 307, 316, 76 P.3d 550, 559 (2003).

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement" provides, in pertinent part,

> (d) A determination by the court that a settlement was made in good faith shall:
>
> (1)  Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and
>
> (2)  Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

Contrary to Kamehameha Schools' contention, the circuit court did not authorize the blanket dismissal of all claims – and the barring of all future claims grounded on any alleged independent duties owed to Kamehameha Schools – against St. Francis.  Rather, the circuit court ruled that it was dismissing Kamehameha Schools' third-party claims against St. Francis, and barring any further claims against St. Francis that are in connection with this litigation.  The circuit court's Order explained,

> 2.    The Court denies the dismissal of all claims against St. Francis Medical Center and St. Francis Healthcare System of Hawaii as HRS Section 663-15.5 does not authorize the dismissal of all claims against settling

---

⁶(. . .continued)
On appeal, Kamehameha Schools argues that the following claims against St. Francis Medical Center were erroneously dismissed: breach of contract, negligence, indemnity, contribution and/or equitable subrogation, and the <u>Uyemura v. Wick</u> claim.

defendants.  However, the Court does find that HRS Section 663-15.5(d)(2) does authorize a dismissal of cross-claims.  Therefore, **the third-party complaint, as against St. Francis Medical Center and St. Francis Healthcare System of Hawaii [Dkt. 14 at ¶¶ 11-29], is hereby dismissed pursuant to HRS Section 663-15.5(d)(2),** since cross-claims under the statute are likened to the third-party claims in this case.

3.    **The Court denies the request to discharge St. Francis Medical Center and St. Francis Healthcare System of Hawaiʻi [sic] from all liability to any otherjoint [sic] tortfeasor and/or co-obligor.  That request is somewhat broad.  Instead, the Court will grant the discharge of St. Francis Medical Center and St. Francis Healthcare System of Hawaii from all liability for contribution to any other joint tortfeasor or co-obligor.**

4.    The Court denies the request to bar any future claims.  Instead, the Court will issue an order barring any other joint tortfeasor or co-obligor from bringing any further claims against St. Francis Medical Center and St. Francis Healthcare System of Hawaii in connection with this litigation.

(Emphasis added.)

Thus, the circuit court's dismissal of Kamehameha Schools' third-party complaint, and its "barring. . . any further claims against [St. Francis] in connection with this litigation," is consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors.[7]

As this court recently recognized in Abad v. Griffith,

Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, *i.e.*, those seeking contribution or indemnity (directly or indirectly) for the

---

[7]    At the hearing, counsel for St. Francis Medical Center represented, regarding the relief it sought, that certification of a good faith settlement would preclude Kamehameha Schools from "try[ing] to bring a future case against my client to recover a contribution."

> injury (to the complainant) that is the subject of the good faith settlement.
>
> [W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint tortfeasors], *i.e.*, to consider whether they seek contribution or indemnity for the original injury to [appellees], as opposed to relief for alleged direct injuries to the [appellants].

Abad v. Griffith, Nos. CAAP-21-0000120, CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In Abad, this court examined the nature of appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." Id. at *5. Here, Kamehameha Schools' third-party claims, including its breach of contract and Uyemura v. Wick claims, arise out of the "original injury" to Plaintiffs caused by Dr. Browne's abuse and are "directly or indirectly" in the nature of contribution and indemnity claims.

Moreover, the specific claims that Kamehameha Schools asserted against St. Francis, though labeled as "third-party claims," were in effect cross-claims premised on the underlying theory that St. Francis was liable to Kamehameha Schools as a joint tortfeasor.[8] The circuit court therefore was not wrong in

---

[8] It appears that Plaintiffs' original Complaint did not name St. Francis Medical Center and St. Francis Healthcare System of Hawaii as defendants, see footnote 4 supra, and Kamehameha Schools therefore brought them into this litigation as third-party defendants.

dismissing Kamehameha Schools' third-party complaint. See Island Helicopters-Kauai, 2012 WL 503799, at *7 (affirming the dismissal of a third-party complaint, and acknowledging that "[a] determination of a good faith settlement protects the settling tortfeasor against claims brought by any non-settling tortfeasor, and thereby, encourages settlement").

## III. CONCLUSION

For the foregoing reasons, we affirm the circuit court's Order.

DATED: Honolulu, Hawaiʻi, January 22, 2025.

On the briefs:

Claire Wong Black,
Nickolas A. Kacprowski,
for Defendants/Third-Party
Plaintiffs-Appellants.

Jodie D. Roeca,
for Third-Party Defendant/
Cross-claimant/
Counterclaimant-Appellee.

David J. Minkin,
for Third-Party
Defendant-Appellee.

/s/ Karen T. Nakasone,
Presiding Judge

/s/ Sonja M.P. McCullen,
Associate Judge

/s/ Kimberly T. Guidry,
Associate Judge