**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000434
10-MAR-2025
08:18 AM
Dkt. 53 SO**

NO. CAAP-22-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STUDENT DOE 30, Plaintiff-Appellee,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA
SCHOOLS; ROBERT K.W.H. NOBRIGA, CRYSTAL KAUILANI ROSE, JENNIFER
NOELANI GOODYEAR-KA'ŌPUA, MICHELLE KA'UHANE, in their capacity as
Trustees of the Estate of Bernice Pauahi Bishop,[1]
Defendants/Third-Party Plaintiffs/Counterclaim
Defendants-Appellants,
ST. FRANCIS MEDICAL CENTER f/k/a ST. FRANCIS HOSPITAL, INC.,
Third-Party Defendant/Counterclaimant-Appellee,
ESTATE OF ROBERT MCCORMICK BROWNE,
Third-Party Defendant-Appellee,
and
JOHN ROE 1-20 and JANE ROE 1-20, Defendants,
JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10,
and DOE NON-PROFIT ENTITIES 1-10, Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161000809)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of a settlement between Third-

Party Defendant/Counterclaimant-Appellee St. Francis Medical

---

[1] Pursuant to Hawaii Rules of Evidence Rule 201 and Hawai'i Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Crystal Kauilani Rose, Jennifer Noelani Goodyear-Ka'ōpua, and Michelle Ka'uhane are current Trustees of the Estate of Bernice Pauahi Bishop and are automatically substituted as Defendants/Third-Party Plaintiffs/Counterclaim Defendants-Appellants in place of Corbett A.K. Kalama, Micah A. Kane, and Lance Keawe Wilhelm.

Center f/k/a St. Francis Hospital, Inc. (**St. Francis**) and Plaintiff-Appellee Student Doe 30 (**Plaintiff**).[2]  Kamehameha Schools appeal from the Order, filed on June 17, 2022, by the Circuit Court of the First Circuit (**circuit court**).[3]

Kamehameha Schools raises a single point of error on appeal, contending that the circuit court erred in concluding that, under HRS § 663-15.5 (2016), the good faith settlement between Plaintiff and St. Francis bars Kamehameha Schools' third-party claims for breach of contract, negligence, indemnification, and attorneys' fees pursuant to Uyemura v. Wick, 57 Haw. 102, 551 P.2d 171 (1976).  We review the circuit court's conclusions of law de novo, under the right/wrong

---

[2]     Plaintiff sued Defendants/Third-Party Plaintiffs/Counterclaim Defendants-Appellants Trustees of the Estate of Bernice Pauahi Bishop, dba Kamehameha Schools (**Kamehameha Schools**) pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016).  Section 657-1.8 permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred.  Plaintiff identified Dr. Robert McCormick Browne (**Dr. Browne**), formerly employed as Chief of Psychiatry at St. Francis, as having sexually abused him when he was a student at Kamehameha Schools.

Kamehameha Schools filed a third-party complaint against St. Francis.  St. Francis filed its answer and a counterclaim.  Kamehameha Schools then filed a third-party complaint against Dr. Browne's Estate.  Dr. Browne is deceased, and his Estate is a nominal Third-Party Defendant-Appellee in this appeal.

Plaintiff entered into separate settlement agreements with both St. Francis and Kamehameha Schools.  Only the "Order Granting Third-Party Defendant St. Francis Medical Center's Petition for Determination of Good Faith Settlement, and Joinder Thereto" (**Order**), is before this court on appeal.

[3]     The Honorable Dean E. Ochiai presided.

standard.  State v. Hoshijo ex rel. White, 102 Hawaiʻi 307, 316,
76 P.3d 550, 559 (2003).

Upon careful review of the record and relevant legal
authorities, and having given due consideration to the arguments
advanced and the issues raised by the parties, we resolve
Kamehameha Schools' contention as follows.

HRS § 663-15.5, entitled "Release; joint tortfeasors;
co-obligors; good faith settlement" provides, in pertinent part,

> (d) A determination by the court that a settlement
> was made in good faith shall:
>
> (1)  Bar any other joint tortfeasor . . . from any
>      further claims against the settling tortfeasor
>      . . . except those based on a written indemnity
>      agreement; and
>
> (2)  Result in a dismissal of all cross-claims filed
>      against the settling joint tortfeasor . . .
>      except those based on a written indemnity
>      agreement.

Contrary to Kamehameha Schools' contention, the
circuit court did not authorize the dismissal of "claims based
on independent duties owed by [St. Francis] to [Kamehameha
Schools]" existing "independently of the Plaintiff's tort
claims[.]"  The circuit court's Order explained,

> 2. The Court specifically determines that the
> settlement agreement entered into by and between St.
> Francis Medical Center and Plaintiff was made in good faith
> pursuant to Hawaiʻi Revised Statutes ("HRS") Section 663-
> 15.5.
>
> 3. **As such, St. Francis Medical Center is hereby
> discharged from any and all liability for any contribution
> to any other party, joint tortfeasor and/or co-obligor
> pursuant to HRS Section 663-15.5(a)(3); all cross-claims
> and third party claims now pending against St. Francis
> Medical Center, except those based on a written indemnity**

> **agreement, are hereby dismissed pursuant to HRS Section 663-15.5(d)(2); and, pursuant to HRS Section 663-15.5(d)(1) this Order bars any other joint tortfeasor or co-obligor from bringing any further claims against St. Francis Medical Center in connection with this litigation, except those based upon a written indemnity agreement.**

(Emphasis added.)

As this court recently recognized in Abad v. Griffith,

> Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement.
>
> [W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint tortfeasors], i.e., to consider whether they seek contribution or indemnity for the original injury to [appellees], as opposed to relief for alleged direct injuries to the [appellants].

Abad v. Griffith, Nos. CAAP-21-0000120, CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In Abad, this court examined the nature of the appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." Id. Here, Kamehameha Schools' third-party claims against St. Francis arose out of the "original injury" to Plaintiff caused by Dr. Browne's abuse, and are "directly or indirectly" in the nature of contribution and indemnity claims.

Thus, the circuit court's dismissal of Kamehameha Schools' third-party complaint against St. Francis, and its discharge of St. Francis "from any and all liability for any contribution to any other party, joint tortfeasor and/or co-obligor," is consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors. We therefore determine that the circuit court's conclusion barring the third-party claims was correct.

For the foregoing reasons, the circuit court's Order is affirmed.

DATED: Honolulu, Hawaiʻi, March 10, 2025.

| On the briefs: | /s/ Karen T. Nakasone,<br>Presiding Judge |
|---|---|
| Paul Alston,<br>for Defendants/Third-Party<br>Plaintiffs/Counterclaim<br>Defendants-Appellants. | /s/ Sonja M.P. McCullen,<br>Associate Judge |
| Andrew J. Lautenbach,<br>for Third-Party Defendant/<br>Counterclaimiant-Appellee. | /s/ Kimberly T. Guidry,<br>Associate Judge |