<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000724
06-JUN-2025
07:49 AM
Dkt. 59 SO**</span>

NO. CAAP-22-0000724

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GEORGE H. WRIGHT, Plaintiff-Appellee,
v.
RICHARD D. GRONNA, as Personal Representative of
THE ESTATE OF ROBERT MCCORMICK BROWNE,
Defendant/Cross-claim Defendant-Appellee,
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP
dba KAMEHAMEHA SCHOOLS, Defendants/Cross-claimants/
Third-Party Plaintiffs/Cross-claim Defendants-Appellants,
ST. FRANCIS MEDICAL CENTER, a Hawaii corporation,
Defendant/Cross-claim Defendant/Cross-claimant-Appellee,
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII, a Hawaii corporation,
Defendant/Third-Party Defendant-Appellee,
and
DOES 1-10, JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE
PARTNERSHIPS 1-10, and DOE NON-PROFIT ENTITIES 1-10,
Defendants/Cross-claim Defendants/Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0000667)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of the Circuit Court of the

First Circuit's[1] (**circuit court**) dismissal of Defendants/Cross-

claimants/Third-Party Plaintiffs/Cross-claim Defendants-

---

[1] The Honorable Gary W.B. Chang presided.

Appellants Trustees of the Estate of Bernice Pauahi Bishop, dba Kamehameha Schools' (**Kamehameha Schools**) cross-claims and third-party claims as to Plaintiff-Appellee George H. Wright (**Wright**), against Defendant/Cross-claim Defendant/Cross-claimant-Appellee St. Francis Medical Center, and Defendant/Third-Party Defendant-Appellee St. Francis Healthcare System of Hawaii.[2]  The circuit court dismissed the cross-claims and third-party claims after certifying a good faith settlement between Wright and St. Francis in 1CCV-20-0000667.

Kamehameha Schools appealed from two orders related to certifying the good faith of the settlement: (1) the "Order Granting Defendant St. Francis Medical Center's Petition for Determination of Good Faith Settlement" (**Good Faith Order**), filed on November 14, 2022; and (2) the "Order Granting Defendant/Third-Party Defendant St. Francis Healthcare System of Hawaii's Substantive Joinder to Defendant St. Francis Medical Center's Petition for Determination of Good Faith Settlement, Filed August 3, 2022, Filed on August 12, 2022 [Dkt. 241]" (**Joinder Order**), filed on October 24, 2022.

---

[2]  St. Francis Medical Center and St. Francis Healthcare System of Hawaii are separate entities, and they are represented by separate counsel in this litigation.  They are referenced individually as **St. Francis Medical Center** and **St. Francis Healthcare System**, and collectively as **St. Francis** in this Summary Disposition Order.

## I.    BACKGROUND

In 2020, Wright filed a Complaint[3] against Defendant/Cross-claim Defendant-Appellee Richard D. Gronna, as Personal Representative of the Estate of Robert McCormick Browne (**Estate of Dr. Browne**),[4] Kamehameha Schools, and St. Francis Medical Center, pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016 & Supp. 2018).  Wright identified Dr. Browne, formerly employed as Chief of Psychiatry at St. Francis Medical Center, as having sexually abused him when he was a student at Kamehameha Schools.  HRS § 657-1.8 permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred.

Wright's Complaint and Amended Complaint asserted claims of 1) gross professional medical negligence, 2) sexual assault and battery, 3) breach of fiduciary duty, 4) gross negligence, 5) intentional infliction of emotional distress, 6) grossly negligent infliction of emotional distress, and 7) grossly negligent or reckless referral, selection, training,

---

[3]    Wright subsequently filed a First Amended Complaint in March 2022 to include St. Francis Healthcare System as a Defendant, and to allege claims of intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil against St. Francis.

[4]    Dr. Browne is deceased, and the Estate of Dr. Browne is a nominal appellee in this appeal.

retention, and/or supervision of Dr. Browne against Kamehameha Schools.

Kamehameha Schools filed cross-claims[5] against St. Francis Medical Center and the Estate of Dr. Browne, and a third-party complaint against St. Francis Healthcare System.

Wright entered into a settlement agreement with St. Francis in July 2022. In August 2022, St. Francis Medical Center filed a Petition for Determination of Good Faith Settlement (**Petition**). St. Francis Healthcare System joined St. Francis Medical Center's Petition, requesting that the circuit court "find and order that the settlement was made and entered into in good faith" and dismiss "any and all claims against the settling parties by any joint tortfeasors or co-obligors." Kamehameha Schools opposed the Petition to the extent it sought dismissal of the cross-claims and third-party claims against St. Francis. Kamehameha Schools did not object to a finding that the settlement was made in good faith.

The circuit court granted the Petition and St. Francis Healthcare Systems' joinder, entering its Joinder Order in October 2022 and its Good Faith Order in November 2022.

---

[5] Kamehameha Schools filed its initial cross-claims on June 15, 2020. The cross-claims were subsequently amended on July 31, 2020 to include more extensive factual allegations and allege additional claims of intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil against St. Francis Medical Center.

Kamehameha Schools timely appealed both orders, and the appeal was docketed as CAAP-22-0000724.[6]

## II.  POINT OF ERROR

Kamehameha Schools raises a single point of error on appeal, contending that the circuit court erred in concluding that the good faith settlement bars all of Kamehameha Schools' cross-claims and third-party claims under HRS § 663-15.5 (2016).

We review the circuit court's conclusions of law de novo, under the right/wrong standard.  State v. Hoshijo ex rel. White, 102 Hawai'i 307, 316, 76 P.3d 550, 559 (2003).  Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamehameha Schools' contention as follows.

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement" provides, in pertinent part,

> (d) A determination by the court that a settlement was made in good faith shall:
> (1)  Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and
> (2)  Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

---

[6]     On August 10, 2023, this court filed an Order for Temporary Remand, instructing the circuit court to amend the Good Faith Order and Joinder Order to reflect "a determination of good faith as to the settlement by and between Wright, [St. Francis Medical Center], and [St. Francis Healthcare System]," or to explain why that was "not possible or appropriate to do so."  On remand, the circuit court entered an Amended Good Faith Order and Amended Joinder Order, reflecting that the settlement was made in good faith between Wright and both St. Francis entities.

St. Francis Medical Center argues that the "plain language of the statute reflects the legislative intent to preclude not only contribution claims, but also 'any' other claims that might seek recovery against the settling party for the plaintiff's harm, whether such claims are styled as seeking 'indemnity,' [']subrogation,' 'contribution,' or anything else." The argument is contrary to the language of the statute and the legislative history.

> HRS § 663-15.5 (Supp. 2001) originally provided:
>
> (d)   A determination by the court that a settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . ***for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault***.

(Emphasis added.)   For purposes of the statute, *joint tortfeasors* are "persons jointly or severally liable in tort for the same injury to person or property."   HRS § 663-11 (2016). The claim bar applied only to claims for joint tortfeasor indemnity or contribution.

The legislature amended the statute in 2003.   The phrase emphasized above was deleted and the words "except those based on a written indemnity agreement" were added. Subparagraph (2) was also added.   2003 Haw. Sess. Laws Act 146, § 1 at 344.   The claim bar language substitution did not change its substance because a written indemnity agreement is not an equitable remedy.   The House Judiciary Committee reported "this

measure is primarily a housekeeping measure." H. Stand. Comm. Rep. No. 712, in 2003 House Journal, at 1378. The Senate Judiciary and Hawaiian Affairs Committee similarly reported that the "purpose of this measure is to make clarifying and housekeeping amendments." S. Stand. Comm. Rep. No. 1205, in 2003 Senate Journal, at 1538. The Conference Committee reported the "purpose of this measure is to make clarifying and housekeeping amendments" to "[m]ake technical, nonsubstantive amendments for clarity and consistency in style and language." Conf. Comm. Rep. No. 9, in 2003 House Journal, at 1703, 2003 Senate Journal, at 949. Thus, the claim bar still applies only to claims for joint tortfeasor indemnity or contribution.

Contrary to Kamehameha Schools' contention, the circuit court did not authorize a "sweeping dismissal" of all claims – including those grounded on independent duties owed to Kamehameha Schools – against St. Francis. The circuit court's Amended Good Faith Order stated,

> IT IS HEREBY, ORDERED, ADJUDGED AND DECREED that St. Francis Medical Center's Petition for Determination of Good Faith Settlement, filed August 3, 2022, is hereby GRANTED as follows:
>
> . . . .
>
> 2. The cross-claims against St. Francis Medical Center are here by [sic] dismissed pursuant to HRS [§] 663-15.5(d)(2).
>
> 3. St. Francis Medical Center is discharged from all liability for contribution to any other joint tortfeasor or co-obligor.
>
> 4. Pursuant to HRS § 663-15.5(d)(1), this Order bars any other joint tortfeasor or co-obligor from bringing any

further claims against St. Francis Medical Center in connection with this litigation, except those based upon a written indemnity agreement.

The circuit court's Amended Joinder Order stated, with regard to the third-party complaint against St. Francis Healthcare System,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

. . . .

2. Defendant/Third-Party Defendant Healthcare System's Substantive Joinder to Defendant St. Francis Medical Center's Petition for Determination of Good Faith Settlement, Filed August 3, 2022, filed on August 12, 2022, is GRANTED as to all cross-claims and third-party claims pursuant to [HRS §] 663-15.5(d)(2).

As this court recently recognized in Abad v. Griffith,

Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement.

[W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint tortfeasors], i.e., to consider whether they seek contribution or indemnity for the original injury to [appellees], as opposed to relief for alleged direct injuries to the [appellants].

Abad v. Griffith, Nos. CAAP-21-0000120, CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In Abad, this court examined the nature of the appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." Id. Here, Kamehameha Schools' cross-claims and third-party claims,

8

including its breach of contract and <u>Uyemura v. Wick</u>[7] claims, arose out of the "original injury" to Wright caused by Dr. Browne's abuse, and are "directly or indirectly" in the nature of contribution and indemnity claims.

The circuit court's dismissal "as to all cross-claims and third-party claims" is therefore consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors.

## III. CONCLUSION

For the foregoing reasons, the circuit court's Good Faith Order and Joinder Order are affirmed.

DATED Honolulu, Hawaiʻi, June 6, 2025.

On the briefs:

Paul Alston and
Claire Wong Black,
for Defendants/Cross-
claimants/Third-Party
Plaintiffs/Cross-claim
Defendants-Appellants.

Andrew J. Lautenbach,
for Defendant/Cross-claim
Defendant/Cross-claimant-
Appellee.

David J. Minkin,
for Defendant/Third-Party
Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[7]   <u>Uyemura v. Wick</u>, 57 Haw. 102, 551 P.2d 171 (1976).