**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000384
06-JUN-2025
08:34 AM
Dkt. 66 SO

NO. CAAP-22-0000384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ANDREW J. VLIET, III, Plaintiff-Appellee, v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP
doing business as KAMEHAMEHA SCHOOLS,
ELLIOT K. MILLS, in his capacity as Trustee of the Estate of
Bernice Pauahi Bishop; CRYSTAL K. ROSE, in her capacity as
Trustee of the Estate of Bernice Pauahi Bishop;
JENNIFER N. GOODYEAR-KAʻŌPUA, in her capacity as Trustee of the
Estate of Bernice Pauahi Bishop; MICHELLE KAʻUHANE, in her
capacity as Trustee of the Estate of Bernice Pauahi Bishop; and
ROBERT K.W.H. NOBRIGA, in his capacity as Trustee of the
Estate of Bernice Pauahi Bishop,
Defendants/Cross-claimants/Cross-claim-Defendants-Appellants,
and RICHARD D. GRONNA, as Personal Representative of the
ESTATE OF ROBERT MCCORMICK BROWNE, Defendant-Appellee;
ST. FRANCIS MEDICAL CENTER, Defendant/Cross-claim-
Defendant/Cross-claimant-Appellee,
and JOHN DOES 2-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE PARTNERSHIPS 1-20; DOE NON-PROFIT ENTITIES 1-20, and
DOE GOVERNMENTAL ENTITIES 1-20, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC161000574)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

Defendants/Cross-claimants/Cross-claim-Defendants-

Appellants Trustees of the Estate of Bernice Pauahi Bishop doing

business as **Kamehameha Schools** appeal from the Circuit Court of

the First Circuit's May 23, 2022 order granting Defendant/Cross-claim-Defendant/Cross-claimant-Appellee **St. Francis** Medical Center's petition for determination of good faith settlement and Plaintiff-Appellee Andrew J. Vliet, III's (**Vliet**) joinder (**Good Faith Settlement Order**).[1]

For a brief background, Vliet sued Kamehameha Schools and St. Francis pursuant to Hawaiʻi Revised Statutes (**HRS**) § 657-1.8 (2016), which permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred. Vliet identified Robert McCormick Browne (**Dr. Browne**), formerly employed as Chief of Psychiatry at St. Francis, as having sexually abused him when he was a student at Kamehameha Schools.

Kamehameha Schools filed a cross-claim against St. Francis. St. Francis filed its answer and a cross-claim against Kamehameha Schools. Kamehameha Schools then filed a cross-claim against Dr. Browne's Estate.[2] According to the court minutes, Vliet entered into separate settlement agreements with both St. Francis and Kamehameha Schools. St. Francis then petitioned for a determination of good faith settlement, which

---

[1]  The Honorable Dean E. Ochiai presided.

[2]  Dr. Browne is deceased and his Estate is a nominal party in this appeal.

2

was granted.  The circuit court entered its Good Faith Settlement Order.  Kamehameha Schools appealed from that order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

Kamehameha Schools contends the circuit court erred in concluding that, under HRS § 663-15.5 (2016), the good faith settlement between Vliet and St. Francis barred Kamehameha Schools' cross-claims for breach of contract, negligence, indemnification, and attorneys' fees pursuant to Uyemura v. Wick, 57 Haw. 102, 551 P.2d 171 (1976).

When a court determines a settlement was made in good faith, HRS § 663-15.5(d) bars joint tortfeasors from making claims against the settling tortfeasor except for claims based on a written indemnity agreement:

> (d)  A determination by the court that a settlement was made in good faith shall:
>
> (1)  Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and
>
> (2)  Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

HRS § 663-15.5(d) (formatting altered).

3

Here, Kamehameha Schools' cross-claims, including its breach of contract and Uyemura claims, arise out of the "original injury" to Vliet caused by Dr. Browne's abuse and are "directly or indirectly" in the nature of contribution and indemnity claims. See Abad v. Griffith, 155 Hawaiʻi 223, 560 P.3d 478, Nos. CAAP-21-0000120 and CAAP-23-0000015, 2024 WL 5088457, at *5 (App. Dec. 12, 2024) (SDO) (concluding the approval of a good faith settlement "requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement").

The circuit court dismissed all cross-claims and third-party claims "now pending" against St. Francis and barred "any further claims" against St. Francis "in connection with this litigation, except those based upon a written indemnity agreement." The circuit court's dismissal of Kamehameha Schools' cross-claims against St. Francis, and its discharge of St. Francis "from any and all liability for any contribution to any other party, joint tortfeasor and/or co-obligor[,]" is consistent with the underlying purpose of HRS § 663-15.5 –

protecting settling tortfeasors from contribution claims brought by other joint tortfeasors.  See id.

Thus, the circuit did not err in concluding that the good faith settlement between Vliet and St. Francis barred Kamehameha Schools' cross-claims for breach of contract, negligence, indemnification, and attorneys' fees.

Based on the foregoing, we affirm the circuit court's May 23, 2022 Good Faith Settlement Order.

DATED:  Honolulu, Hawaiʻi, June 6, 2025.

On the briefs:

Paul Alston,
William S. Hunt,
Nickolas A. Kacprowski,
Claire Wong Black,
(Dentons), and
Kelly G. Laporte,
Amanda M. Jones,
Michi Momose,
Trisha H.S.T. Akagi,
(Cades Schutte),
for Defendants/Cross-
claimants/Cross-claim-
Defendants-Appellants.

Terence J. O'Toole,
Andrew J. Lautenbach,
Kukui Claydon,
(Starn O'Toole Marcus &
Fisher), and
Arthur F. Roeca,
Jodie D. Roeca,
(Roeca Luria Shin),
for Defendant/Cross-claim-
Defendant/Cross-claimant-
Appellee.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge