## NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000211
27-JAN-2025
07:53 AM
Dkt. 125 SO**

NO. CAAP-21-0000211

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES "KIMO" MCCLELLAN, Plaintiff-Appellee,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA SCHOOLS, JENNIFER NOELANI GOODYEAR-KAʻŌPUA, in her official capacity as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, ROBERT NOBRIGA, in his official capacity as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, MICHELLE KAʻUHANE, in her official capacity as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, ELLIOT MILLS, in his official capacity as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, and CRYSTAL ROSE, in her official capacity as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools,[1]
Defendants/Cross-claimants/Third-Party Plaintiffs-Appellants,
and
ST. FRANCIS MEDICAL CENTER f.k.a. ST. FRANCIS HOSPITAL;
ESTATE OF ROBERT MCCORMICK BROWNE, Deceased,
Defendants/Cross-claim Defendants-Appellees,
and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
Third-Party Defendant-Appellee,
and

---

[1]    Pursuant to Hawaii Rules of Evidence Rule 201 and Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Jennifer Noelani Goodyear-Kaʻōpua and Michelle Kaʻuhane are current Trustees of the Estate of Bernice Pauahi Bishop and are automatically substituted as Defendants/Cross-claimants/Third-Party Plaintiffs-Appellants in place of Micah Kane and Lance Wilhelm.

JOHN DOES 1-10, Defendants; JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE NON-PROFIT ENTITIES 1-10, Cross-claim Defendants and Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001095)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of a settlement between Defendant/Cross-claim Defendant-Appellee St. Francis Medical Center, Third-Party Defendant-Appellee St. Francis Healthcare System of Hawaii,[2] and Plaintiff-Appellee James "Kimo" McClellan (**Plaintiff**). Defendants/Cross-claimants/Third-Party Plaintiffs-Appellants Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools (**Kamehameha Schools**) appeal from the Order Granting St. Francis Medical Center's Petition for Determination of Good Faith Settlement and Joinders Thereto (**Order**), filed on March 15, 2021, by the Circuit Court of the First Circuit (**circuit court**).[3]

### I.   BACKGROUND

Plaintiff identified Dr. Robert McCormick Browne (**Dr. Browne**), formerly employed as Chief of Psychiatry at St. Francis

---

[2]     St. Francis Medical Center and St. Francis Healthcare System of Hawaii are separate entities, and are represented by separate counsel in this litigation. They are referenced individually as St. Francis Medical Center and St. Francis Healthcare System of Hawaii, and collectively as **St. Francis**, in this summary disposition order.

[3]     The Honorable Dean E. Ochiai presided.

Medical Center, as having sexually abused him on a near weekly basis from the summer of 1970 to June of 1971, during the time he was a student at Kamehameha Schools.  In August 2020, Plaintiff filed his Complaint against Kamehameha Schools, St. Francis Medical Center, and the Estate of Dr. Browne[4] pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016 & Supp. 2018), which permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred.

Count I of Plaintiff's Complaint alleged claims of negligence and gross negligence against all defendants; Count II alleged claims of fraud and fraudulent concealment against Kamehameha Schools.

On September 8, 2020, Kamehameha Schools filed cross-claims against St. Francis Medical Center and the Estate of Dr. Browne, and a third-party complaint against St. Francis Healthcare System of Hawaii.  St. Francis Healthcare System of Hawaii answered Kamehameha Schools' third-party complaint on September 30, 2020, and St. Francis Medical Center answered Kamehameha Schools' cross-claims on October 1, 2020.

---

[4]    Dr. Browne is deceased.  His Estate is a nominal Defendant/Cross-claim Defendant-Appellee in this appeal.

Plaintiff, Kamehameha Schools and St. Francis entered into formal mediation with mediator Keith Hunter in May 2020. Prior to the mediation, Plaintiff transmitted a demand to Kamehameha Schools and St. Francis for the sum of $6.5 million dollars in general damages. According to the declaration of Plaintiff's counsel, "during the mediation, it became clear that Kamehameha Schools was not going to make any offer in the 7-figure range," and negotiations soon terminated with Kamehameha Schools. Plaintiff and St. Francis continued to negotiate, and agreed to settle all claims against St. Francis for an agreed-upon monetary payment.

The terms of the settlement are memorialized in the Confidential Release, Indemnity, and Settlement Agreement (**Settlement**). The Settlement set forth the amount of monetary consideration to be paid by St. Francis Medical Center and St. Francis Healthcare System of Hawaii, and provided that the agreed-upon monetary payment constituted consideration for the release of Plaintiff's past, present, and future claims against St. Francis arising out of this litigation.

In October 2020, St. Francis Medical Center filed a Petition for Determination of Good Faith Settlement (**Petition**). Plaintiff and St. Francis Healthcare System of Hawaii filed joinders to the Petition. Kamehameha Schools filed its Memorandum in Opposition to Defendant St. Francis Medical

Center's Petition for Determination of Good Faith Settlement on October 27, 2020.

A hearing on the Petition was calendared for November 4, 2020, at which time the circuit court ordered Plaintiff and Kamehameha Schools to go back into mediation and continued the hearing on the Petition. The renewed mediation between Plaintiff and Kamehameha Schools proved unsuccessful, and another hearing on the Petition was held on February 10, 2021. At the February 2021 hearing, the circuit court granted the Petition, but once again ordered Plaintiff and Kamehameha Schools to engage in one last attempt at mediation. On March 15, 2021, the circuit court filed its Order granting the Petition.

The circuit court's Order provided, in pertinent part,

> 1.     The Court specifically determines that the settlement agreement reached by and between Plaintiff James "Kimo" McClellan, and Defendants St. Francis Medical Center and St. Francis Healthcare System of Hawaii, was made in good faith pursuant to [HRS] Section 663-15.5 [(2016)].
>
> **2.     As such, St. Francis Medical Center and St. Francis Healthcare System of Hawaii are hereby discharged from any and all liability for any contribution to any other party, joint tortfeasor and/or co-obligor pursuant to HRS Section 663-15.5 (a)(3); all cross-claims and third-party claims now pending against St. Francis Medical Center and St. Francis Healthcare System of Hawaii, except those based on a written indemnity agreement, are hereby dismissed pursuant to HRS Section 663-15.5 (d)(2); and pursuant to HRS Section 663-15.5 (d)(1) this Order bars any other joint tortfeasor or co-obligor from any further claims against Defendants St. Francis Medical Center and St. Francis Healthcare System of Hawaii in connection with this litigation, except those based upon a written indemnity agreement.**

(Emphasis added.)

Kamehameha Schools appealed.

## II.  POINTS OF ERROR

Kamehameha Schools raises two points of error on appeal, contending that the circuit court erred by: (1) determining the Settlement was a good faith settlement; and (2) concluding that a good faith settlement bars all of Kamehameha Schools' cross-claims and third-party claims under HRS § 663-15.5.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamehameha Schools' contentions as follows:

(1) Kamehameha Schools contends that the circuit court's finding of a good faith settlement is contrary to each of the factors specifically enumerated in Troyer v. Adams, 102 Hawaiʻi 399, 427, 77 P.3d 83, 111 (2003).

"[T]he determination of whether a settlement is in good faith [is left] to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement. . . . On appeal, the trial court's determination will be reviewed for abuse of discretion." Brooks v. Dana Nance & Co., 113 Hawaiʻi 406, 412, 153 P.3d 1091, 1097 (2007) (citation omitted).  "An appellate court should consider the decision in

light of all of the relevant circumstances extant at the time of settlement." Id. (cleaned up).

In assessing the totality of the circumstances,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial . . . ; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 413, 153 P.3d at 1098 (quoting Troyer, 102 Hawaiʻi at 427, 77 P.3d at 111). However, "[t]he foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith." Id. (citation omitted).

In approving the Petition, the circuit court explained its reasoning as follows,

> [I]n this case, I'm not going to second-guess plaintiff's counsel and his client's reason for electing to settle. Every plaintiff has unique circumstances. . . . I am aware of the circumstances of the plaintiff in this particular case. And the Court's not going to second-guess how the plaintiff intends to proceed in the prosecution of the case, the relative difficulties against -- going against the various parties involved. The amount is substantial. It's not like St. Francis is contributing a mere $20,000 policy limit liability contribution.
>
> So accordingly, the Court finds that this settlement, having gone through mediation with a mediator that the Court finds very skilled and reputable and coming to this point, was all done in good faith. So the [Petition] will be granted.

7

The record reflects that the circuit court took into consideration the totality of the circumstances underlying the Settlement, including, inter alia, consideration of the monetary value of the Settlement, Plaintiff's "unique circumstances,"[5] and the potential liability of St. Francis.

The record also reflects that Plaintiff and St. Francis, through the assistance of a neutral mediator, entered into the Settlement in an effort to avoid additional litigation, such that Plaintiff could achieve resolution of his claims against St. Francis, and St. Francis could "buy their peace." See Troyer, 102 Hawaiʻi at 427, 77 P.3d at 111; see also Island Helicopters-Kauai, Inc. v. Tesoro Haw. Corp., No. 30736, 2012 WL 503799, at *4 (Haw. App. Feb. 13, 2012) (mem. op.).

Thus, the circuit court did not abuse its discretion by determining, in its consideration of the Troyer factors "to the extent that they [were] known at the time of settlement" and the totality of the circumstances, that the Settlement between

---

[5] The unique circumstances in this case to which the circuit court refers are the medical and financial difficulties Plaintiff faced at the time of settlement. Plaintiff represented that he was suffering from "medical issues which were potentially life-threatening," which, prior to settling with St. Francis, had "required Plaintiff's retirement[.]" Moreover, it appears that Plaintiff's "pension [was] not enough to cover all of his living expenses going forward" and, therefore, Plaintiff desired this partial settlement because "Plaintiff needed money to pay his bills until he could obtain full recovery in this case," and "it made more sense to take a lesser settlement amount from [St. Francis], which is a less desirable defendant than Kamehameha [Schools] given [St. Francis's] far less evidence of notice coupled with its far less ability to pay." Plaintiff explained that "[his] situation is unique, [and] motivated by the economic needs of the Plaintiff in the short term."

Plaintiff and St. Francis was entered into in good faith. See Troyer, 102 Hawaiʻi at 427, 77 P.3d at 111.

(2) Kamehameha Schools further contends that the circuit court erred in concluding that the Settlement bars all of Kamehameha Schools' cross-claims[6] and third-party claims[7] under HRS § 663-15.5. We review the circuit court's conclusions of law de novo, under the right/wrong standard. State v. Hoshijo ex rel. White, 102 Hawaiʻi 307, 316, 76 P.3d 550, 559 (2003).

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement" provides, in pertinent part,

> (d) A determination by the court that a settlement was made in good faith shall:
>
> (1)  Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and
>
> (2)  Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

---

[6]  Kamehameha Schools' cross-claim asserts claims against St. Francis Medical Center for: breach of contract, negligence, indemnification, contribution and/or equitable subrogation, a claim for attorneys' fees pursuant to Uyemura v. Wick, 57 Haw. 102, 551 P.2d 171 (1976), intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil. On appeal, Kamehameha Schools argues that the following claims against St. Francis Medical Center were erroneously dismissed: breach of contract, negligence, indemnity, contribution and/or equitable subrogation, and the Uyemura v. Wick claim.

[7]  The third-party complaint asserts claims against St. Francis Healthcare System of Hawaii for: intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil.

Contrary to Kamehameha Schools' contention, the circuit court did not authorize the blanket dismissal of all claims – including those grounded on independent duties owed to Kamehameha Schools - against St. Francis.  Rather, the circuit court ruled that it was dismissing Kamehameha Schools' cross-claims and third-party claims against St. Francis "now pending," and barring any further claims against St. Francis that are "in connection with this litigation, except those based upon a written indemnity agreement."  The circuit court's Order explained,

> 2. . . . St. Francis Medical Center and St. Francis Healthcare System of Hawaii are hereby discharged from any and all liability for any contribution to any other party, joint tortfeasor and/or co-obligor pursuant to HRS Section 663-15.5 (a)(3); **all cross-claims and third-party claims now pending against St. Francis Medical Center and St. Francis Healthcare System of Hawaii**, except those based on a written indemnity agreement, **are hereby dismissed** pursuant to HRS Section 663-15.5 (d)(2); and pursuant to HRS Section 663-15.5 (d)(1) **this Order bars any other joint tortfeasor or co-obligor from any further claims against Defendants** St. Francis Medical Center and St. Francis Healthcare System of Hawaii **in connection with this litigation, except those based upon a written indemnity agreement.**

(Emphasis added.)

As this court recently recognized in Abad v. Griffith,

> Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement.
>
> . . . [W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint

10

tortfeasors], i.e., to consider whether they seek contribution or indemnity for the original injury to [appellees], as opposed to relief for alleged direct injuries to the [appellants].

Abad v. Griffith, Nos. CAAP-21-0000120, CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In Abad, this court examined the nature of the appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." Id. Here, Kamehameha Schools' cross-claims and third-party claims, including its breach of contract and Uyemura v. Wick claims, arise out of the "original injury" to Plaintiff caused by Dr. Browne's abuse and are "directly or indirectly" in the nature of contribution and indemnity claims.

Thus, the circuit court's dismissal of Kamehameha Schools' cross-claims and third-party complaint, and its "discharg[ing] [St. Francis] from any and all liability for any contribution to any other party, joint tortfeasor and/or co-obligor," is consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors.

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

## III. CONCLUSION

For the foregoing reasons, the circuit court's Order is affirmed.

DATED: Honolulu, Hawai'i, January 27, 2025.

Paul Alston,
for Defendants/Cross-claimants/Third-Party
Plaintiffs-Appellants.

Randall L.K.M. Rosenberg,
for Plaintiff-Appellee.

Jodie D. Roeca,
for Defendant/Cross-claim
Defendant-Appellee.

Jordon J. Kimura,
for Third-Party Defendant-Appellee.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge