**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000638
03-JUN-2025
08:09 AM
Dkt. 70 SO**

NOS. CAAP-22-0000638 and CAAP-22-0000725

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-22-0000638

A.S., B.B., C.M., F.A., F.K., G.W., J.A, K.K., R.S., and T.K.,
Plaintiffs-Appellees,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA
SCHOOLS, JENNIFER NOELANI GOODYEAR-KA'ŌPUA, in her official
capacity as Trustee of the Estate of Bernice Pauahi Bishop dba
Kamehameha Schools, ROBERT NOBRIGA, in his official capacity as
Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha
Schools, MICHELLE KA'UHANE, in her official capacity as Trustee
of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools,
ELLIOT MILLS, in his official capacity as Trustee of the Estate
of Bernice Pauahi Bishop dba Kamehameha Schools, and CRYSTAL
ROSE, in her official capacity as Trustee of the Estate of
Bernice Pauahi Bishop dba Kamehameha Schools,[1]
Defendants/Cross-claimants/Third-Party
Plaintiffs/Cross-claim Defendants-Appellants, and
ST. FRANCIS MEDICAL CENTER f.k.a. ST. FRANCIS HOSPITAL,
Defendant/Cross-claim Defendant/Cross-claimant-Appellee, and
ESTATE OF ROBERT MCCORMICK BROWNE, Deceased,
Defendant/Cross-claim Defendant-Appellee, and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,

---

[1] Pursuant to Hawaii Rules of Evidence Rule 201 and Hawai'i Rules of Appellate Procedure Rule 43(c)(1), we take judicial notice that Jennifer Noelani Goodyear-Ka'ōpua and Michelle Ka'uhane are current Trustees of the Estate of Bernice Pauahi Bishop and are automatically substituted as Defendants/Cross-claimants/Third-Party Plaintiffs/Cross-claim Defendants-Appellants in place of Lance Wilhelm and Micah Kane.

Third-Party Defendant-Appellee,
and JOHN DOES 1-10, Defendants, and
JOHN DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, and DOE NON-PROFIT ENTITIES 1-10,
Cross-claim Defendants and Third-Party Defendants

and

### CAAP-22-0000725
A.S., B.B., C.M., F.A., F.K., G.W., J.A, K.K., R.S., and T.K.,
Plaintiffs-Appellees,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA
SCHOOLS, JENNIFER NOELANI GOODYEAR-KAʻŌPUA, in her official
capacity as Trustee of the Estate of Bernice Pauahi Bishop dba
Kamehameha Schools, ROBERT NOBRIGA, in his official capacity as
Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha
Schools, MICHELLE KAʻUHANE, in her official capacity as Trustee
of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools,
ELLIOT MILLS, in his official capacity as Trustee of the Estate
of Bernice Pauahi Bishop dba Kamehameha Schools, and CRYSTAL
ROSE, in her official capacity as Trustee of the Estate of
Bernice Pauahi Bishop dba Kamehameha Schools,
Defendants/Cross-claimants/Third-Party
Plaintiffs/Cross-claim Defendants-Appellants, and
ST. FRANCIS MEDICAL CENTER f.k.a. ST. FRANCIS HOSPITAL,
Defendant/Cross-claim Defendant/Cross-claimant-Appellee, and
ESTATE OF ROBERT MCCORMICK BROWNE, Deceased,
Defendant/Cross-claim Defendant-Appellee, and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
Third-Party Defendant-Appellee,
and JOHN DOES 1-10, Defendants, and
JOHN DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, and DOE NON-PROFIT ENTITIES 1-10,
Cross-claim Defendants and Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0000210)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

This consolidated appeal arises out of the Circuit

Court of the First Circuit's (**circuit court**)[2] dismissal of

_____

[2]     The Honorable Gary W.B. Chang presided.

Defendants/Cross-claimants/Third-Party Plaintiffs/Cross-claim Defendants-Appellants Trustees of the Estate of Bernice Pauahi Bishop, dba Kamehameha Schools' (**Kamehameha Schools**) cross-claims and third-party claims as to Plaintiff-Appellee F.A., against Defendant/Cross-claim Defendant/Cross-claimant-Appellee St. Francis Medical Center f.k.a St. Francis Hospital and Third-Party Defendant-Appellee St. Francis Healthcare System of Hawaii.[3]  The circuit court dismissed the cross-claims and third-party claims after certifying a good faith settlement between F.A. and St. Francis in 1CCV-21-0000210.

Kamehameha Schools appealed, in CAAP-22-0000638, from the "Order Granting Plaintiff F.A.'s Petition for Determination of Good Faith Settlement with Defendants Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools and St. Francis Medical Center, Filed August 15, 2022," (**Good Faith Order)** filed on October 7, 2022, by the circuit court.

Kamehameha Schools separately appealed, in CAAP-22-0000725, from the "Order Granting Defendant St. Francis Medical Center's Partial Joinder and Statement of Position Regarding Plaintiff F.A.'s Petition for Determination of Good Faith

---

[3]     St. Francis Medical Center and St. Francis Healthcare System of Hawaii are separate entities, and they are represented by separate counsel in this litigation.  They are referenced individually as **St. Francis Medical Center** and **St. Francis Healthcare System**, and collectively as **St. Francis** in this Summary Disposition Order.

Settlement with Defendants Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools and St. Francis Medical Center, Filed August 15, 2022" (**Joinder Order**), filed on November 14, 2022 by the circuit court.

This court consolidated Kamehameha Schools' two appeals under CAAP-22-0000638.

## I.  BACKGROUND

In 2021, F.A. and nine other plaintiffs filed a Complaint against Kamehameha Schools, St. Francis Medical Center, and Defendant/Cross-claim Defendant-Appellee Estate of Robert McCormick Browne (**Estate of Dr. Browne**),[4] pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016 & Supp. 2018). The plaintiffs identified Dr. Browne, formerly employed as Chief of Psychiatry at St. Francis Medical Center, as having sexually abused them when they were students at Kamehameha Schools.  HRS § 657-1.8 permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time-barred.

Plaintiffs' Complaint asserted claims of negligence and gross negligence, and fraud and fraudulent concealment, against Kamehameha Schools.

---

[4]    Dr. Browne is deceased, and the Estate of Dr. Browne is a nominal appellee in this appeal.

Kamehameha Schools filed cross-claims against St. Francis Medical Center and the Estate of Dr. Browne, and a third-party complaint against St. Francis Healthcare System.

F.A. entered into separate settlement agreements with St. Francis and Kamehameha Schools. In August 2022, F.A. filed a Petition for Determination of Good Faith Settlement (**Petition**). St. Francis Medical Center joined F.A.'s Petition[5] to the extent it requested a determination that F.A.'s settlement with St. Francis Medical Center was made in good faith, took no position with respect to F.A.'s request for a determination of good faith settlement with Kamehameha Schools, and joined F.A.'s request that all cross-claims against St. Francis Medical Center related to F.A.'s claims be dismissed. Kamehameha Schools joined F.A.'s Petition to the extent that it requested a determination that F.A.'s settlement with Kamehameha Schools was made in good faith, took no position with respect to F.A.'s request for a determination of good faith settlement with St. Francis Medical Center, and opposed the Petition to the extent it sought to dismiss Kamehameha Schools' cross-claims against St. Francis Medical Center.

The circuit court granted the Petition and entered its Good Faith Order in October 2022. Kamehameha Schools timely

---

[5] St. Francis Healthcare System made an oral motion to join F.A.'s Petition at the hearing on September 21, 2022, which the circuit court granted.

appealed the Good Faith Order, and the appeal was docketed as CAAP-22-0000638. The circuit court entered its Joinder Order in November 2022, Kamehameha Schools timely appealed the Joinder Order, and the appeal was docketed as CAAP-22-0000725.

## II. POINT OF ERROR

Kamehameha Schools raises a single point of error on appeal, contending that the circuit court erred in concluding that the good faith settlement bars all of Kamehameha Schools' cross-claims and third-party claims under HRS § 663-15.5 (2016).

We review the circuit court's conclusions of law de novo, under the right/wrong standard. State v. Hoshijo ex rel. White, 102 Hawai'i 307, 316, 76 P.3d 550, 559 (2003). Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamehameha Schools' contention as follows.

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement" provides, in pertinent part,

> (d) A determination by the court that a settlement was made in good faith shall:
> (1) Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and
> (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

6

Contrary to Kamehameha Schools' contention, the circuit court did not authorize a "sweeping dismissal" of all claims – including those grounded on independent duties owed to Kamehameha Schools – against St. Francis.  The circuit court's Good Faith Order stated,

> IT IS HEREBY ORDERED that Plaintiff F.A.'s Petition is GRANTED for good cause. The Court finds the settlements were entered into by the parties in good faith and there is no evidence of fraud or collusion between the settling parties. **In accordance with the law, the Court hereby dismisses all cross-claims and third-party claims between the parties as to Plaintiff F.A.**

(Emphasis added.)  The circuit court's Joinder Order further explained:

> 2. All cross-claims against [St. Francis Medical Center], as they relate to Plaintiff F.A.'s claims, are hereby dismissed pursuant to HRS 663-15.5(d)(2).
> 3. [St. Francis Medical Center] is discharged from all liability for contribution to any other joint tortfeasor or co-obligor as related to Plaintiff F.A.'s claims.
> 4. Pursuant to HRS § 663-15.5(d)(1), this Order bars any other joint tortfeasor or co-obligor from bringing any further claims against [St. Francis Medical Center] in connection with Plaintiff[] F.A.'s claims in this litigation, except those based upon a written indemnity agreement.

As this court recently recognized in Abad v. Griffith,

> Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement.

> [W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint tortfeasors], i.e., to consider whether they seek contribution or indemnity for the original injury to

> [appellees], as opposed to relief for alleged direct
> injuries to the [appellants].

Abad v. Griffith, Nos. CAAP-21-0000120, CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In Abad, this court examined the nature of the appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." Id. Here, Kamehameha Schools' cross-claims and third-party claims, including its breach of contract and Uyemura v. Wick[6] claims, arose out of the "original injury" to F.A. caused by Dr. Browne's abuse, and are "directly or indirectly" in the nature of contribution and indemnity claims.

The circuit court's dismissal of "all cross-claims and third-party claims between the parties as to . . . F.A." is therefore consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors.

---

[6]    Uyemura v. Wick, 57 Haw. 102, 551 P.2d 171 (1976).

## III. CONCLUSION

For the foregoing reasons, the circuit court's Good Faith Order and Joinder Order are affirmed.

DATED: Honolulu, Hawai'i, June 3, 2025.

On the briefs:

Paul Alston and
Claire Wong Black,
for Defendants/Cross-
claimants/Third-Party
Plaintiffs/Cross-claim
Defendants-Appellants.

Andrew J. Lautenbach,
for Defendant/Cross-claim
Defendant/Cross-claimant-
Appellee.

David J. Minkin,
for Third-Party Defendant-
Appellee.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge