**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000723
09-JUN-2025
07:49 AM
Dkt. 63 SO

NO. CAAP-22-0000723

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ANTHONY P. FUNN, Plaintiff-Appellee, v.
RICHARD D. GRONNA, as Personal Representative of
THE ESTATE OF ROBERT McCORMICK BROWNE,
Defendant/Cross-claim Defendant-Appellee, and
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
doing business as KAMEHAMEHA SCHOOLS,
Defendants/Cross-claimants/Third-Party Plaintiffs/
Cross-claim-Defendants-Appellants;
ST. FRANCIS MEDICAL CENTER, a Hawaiʻi corporation,
Defendant/Cross-claim-Defendant/Cross-claimant-Appellee, and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
a Hawaiʻi non-profit corporation, Defendant/Third-Party
Defendant-Appellee, and DOES 1-10, Defendants, and
JOHN DOES 1-10; JOHN DOE CORPORATIONS 1-10;
JOHN DOE PARTNERSHIPS 1-10; and
JOHN DOE NON-PROFIT ENTITIES 1-10, Third-Party Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0000542)

SUMMARY DISPOSITION ORDER
(By: McCullen, Presiding Judge, Guidry, J.,
and Circuit Court Judge Copeland,
in place of Leonard, Acting Chief Judge, Hiraoka, Wadsworth,
and Nakasone, JJ., recused)

Defendants/Cross-claimants/Third-Party Plaintiffs/

Cross-claim-Defendants-Appellants Trustees of the Estate of

Bernice Pauahi Bishop doing business as **Kamehameha Schools** appeal from the Circuit Court of the First Circuit's[1] November 14, 2022 order granting Defendant/Cross-claim-Defendant/Cross-claimant-Appellee **St. Francis** Medical Center's petition for determination of good faith settlement and Defendant/Third-Party Defendant-Appellee St. Francis Healthcare System of Hawaii's (**SFHS**) joinder (**Good Faith Settlement Order**).[2]

For a brief background, Plaintiff-Appellee Anthony P. **Funn** sued Kamehameha Schools, St. Francis, and Defendant/Cross-claim-Defendant-Appellee Estate of Robert McCormick Browne (**Dr. Browne**)[3] pursuant to Hawaiʻi Revised Statutes (**HRS**) § 657-1.8 (2016), which permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual abuse of the minor by any person" that would otherwise be time barred.[4] Funn identified Dr. Browne, who was formerly employed as Chief

---

[1] The Honorable James H. Ashford presided until August 12, 2021; the Honorable Gary W.B. Chang presided over all further activity in the case.

[2] The Circuit Court also granted SFHS' joinder in a separate order on October 24, 2022 (**Substantive Joinder Order**).

[3] Dr. Browne is deceased, and the Estate is a nominal appellee in this appeal.

[4] Funn later filed a second amended complaint to include SFHS as a defendant and added claims for intentional fraudulent transfer, constructive fraudulent transfer, and piercing the corporate veil.

of Psychiatry at St. Francis, as having sexually abused him when he was a student at Kamehameha Schools.

Kamehameha Schools filed a cross-claim against St. Francis and Dr. Browne's Estate. St. Francis filed its answer and a cross-claim against Kamehameha Schools and Dr. Browne's Estate. Kamehameha Schools then filed a third-party complaint against SFHS.

Funn settled with St. Francis and SFHS. According to Kamehameha Schools, Funn also settled with Kamehameha Schools. St. Francis then petitioned the circuit court for a determination of good faith settlement and SFHS moved to join, which was granted. The circuit court entered its Good Faith Settlement Order. Kamehameha Schools appeals from that order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

Kamehameha Schools contends that the circuit court erred in concluding that, under HRS § 663-15.5 (2016), Funn's good faith settlement with St. Francis and SFHS barred Kamehameha Schools' cross-claims for breach of contract, negligence, indemnification, and attorneys' fees pursuant to Uyemura v. Wick, 57 Haw. 102, 551 P.2d 171 (1976), and third-

party claims for intentional and constructive fraudulent transfers and piercing the corporate veil.

When a court determines that a settlement was made in good faith, HRS § 663-15.5(d) bars joint tortfeasors from making claims against the settling tortfeasor except for claims based on a written indemnity agreement:

>  (d)   A determination by the court that a settlement was made in good faith shall:
>
> (1)   Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and
>
> (2)   Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

HRS § 663-15.5(d) (formatting altered).

Here, Kamehameha Schools' cross-claims, including its breach of contract and Uyemura claims, arise out of the "original injury" to Funn caused by Dr. Browne's abuse and are "directly or indirectly" in the nature of contribution and indemnity claims.  See Abad v. Griffith, 155 Hawaiʻi 223, 560 P.3d 478, Nos. CAAP-21-0000120 and CAAP-23-0000015, 2024 WL 5088457, at *5 (App. Dec. 12, 2024) (SDO) (concluding the approval of a good faith settlement "requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the

4

injury (to the complainant) that is the subject of the good faith settlement"). As Kamehameha Schools acknowledges, its third-party claims against SFHS depend on its other claims.

The Good Faith Settlement Order dismissed the cross-claims against St. Francis, discharged St. Francis "from all liability for contribution to any other joint tortfeasor or co-obligor[,]" and barred "any further claims against St. Francis . . . in connection with this litigation, except those based upon a written indemnity agreement." The Substantive Joinder Order concluded that SFHS' substantive joinder to the Petition was granted "as to all cross-claims and third-party claims pursuant to [HRS §] 663-15.5(d)(2)."

The circuit court's dismissal of Kamehameha Schools' cross-claims against St. Francis and third-party claims against SFHS, and its discharge of St. Francis (and therefore, SFHS) "from all liability for contribution to any other joint tortfeasor or co-obligor," is consistent with the underlying purpose of HRS § 663-15.5 - protecting settling tortfeasors from contribution claims brought by other joint tortfeasors.

Thus, the circuit did not err in concluding Funn's good faith settlement with St. Francis and SFHS barred Kamehameha Schools' cross-claims for breach of contract, negligence, indemnification, and attorneys' fees.

Based on the foregoing, we affirm the circuit court's November 14, 2022 Good Faith Settlement Order.

DATED:  Honolulu, Hawaiʻi, June 9, 2025.

| | |
|---|---|
| On the briefs: | /s/ Sonja M.P. McCullen<br>Presiding Judge |
| Paul Alston,<br>William S. Hunt,<br>Nickolas A. Kacprowski,<br>Claire Wong Black,<br>(Dentons), and<br>Kelly G. Laporte,<br>Amanda M. Jones,<br>Michi Momose,<br>Trisha H.S.T. Akagi,<br>(Cades Schutte),<br>for Defendants/Cross-<br>claimants/Third-Party<br>Plaintiffs/Cross-claim-<br>Defendants-Appellants. | /s/ Kimberly T. Guidry<br>Associate Judge<br><br>/s/ Rebecca A. Copeland<br>Circuit Court Judge |

Terence J. O'Toole,
Andrew J. Lautenbach,
Kukui Claydon,
(Starn O'Toole Marcus &
Fisher), and
Arthur F. Roeca,
Jodie D. Roeca,
(Roeca Luria Shin),
for Defendant/Cross-claim-
Defendant/Cross-claimant-
Appellee St. Francis Medical
Center.

David J. Minkin,
Jordon J. Kimura,
(McCorriston Miller Mukai
MacKinnon),
for Defendant/Third-Party
Defendant-Appellee
St. Francis Healthcare System
of Hawaii.