**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000399
26-SEP-2025
08:07 AM
Dkt. 61 SO**

NO. CAAP-23-0000399


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


K.M., Plaintiff-Appellee,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba KAMEHAMEHA
SCHOOLS, JENNIFER NOELANI GOODYEAR-KAʻŌPUA, in her official
capacity as Trustee of the Estate of Bernice Pauahi Bishop dba
Kamehameha Schools, MICHELLE KAʻUHANE, in her official capacity
as Trustee of the Estate of Bernice Pauahi Bishop dba Kamehameha
Schools, ELLIOT MILLS, in his official capacity as Trustee of
the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, and
CRYSTAL ROSE, in her official capacity as Trustee of the Estate
of Bernice Pauahi Bishop dba Kamehameha Schools,[1]
Defendants/Cross-claimants/Third-Party
Plaintiffs/Cross-claim Defendants-Appellants,
and
ST. FRANCIS MEDICAL CENTER fka ST. FRANCIS HOSPITAL,
Defendant/Cross-claim Defendant/Cross-claimant-Appellee,
and
ESTATE OF ROBERT MCCORMICK BROWNE, Deceased,
Defendant/Cross-claim Defendant-Appellee,
and
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII,
Third-Party Defendant-Appellee,
and

---

[1]     Pursuant to Hawaii Rules of Evidence Rule 201 and Hawaiʻi Rules of
Appellate Procedure Rule 43(c)(1), we take judicial notice that Jennifer
Noelani Goodyear-Kaʻōpua and Michelle Kaʻuhane are current Trustees of the
Estate of Bernice Pauahi Bishop and are automatically substituted as
Defendants/Cross-claimants/Third-Party Plaintiffs/Cross-claim Defendants-
Appellants in place of Lance Wilhelm and Micah Kane.

RICHARD D. GRONNA, as Personal Representative of
THE ESTATE OF ROBERT MCCORMICK BROWNE, Third-Party
Defendant/Cross-claim Defendant-Appellee,
and
JOHN DOES 1-10, Defendants/Cross-claim
Defendants/Third-Party Defendants,
and
DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and
DOE NON-PROFIT ENTITIES 1-10,
Cross-claim Defendants/Third-Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0001113)

### SUMMARY DISPOSITION ORDER

(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Defendants/Cross-claimants/Third-Party Plaintiffs/
Cross-claim Defendants-Appellants Trustees of the Estate of
Bernice Pauahi Bishop, dba Kamehameha Schools (**Kamehameha
Schools**), appeal from the Circuit Court of the First Circuit's
(**circuit court**)[2] "Order Granting Plaintiff[-Appellee] K.M.'s
(**K.M.**) Petition for Determination of Good Faith Settlement with
[Kamehameha Schools] and [Defendant/Cross-claim Defendant/Cross-
claimant-Appellee St. Francis Medical Center fka St. Francis
Hospital and Third-Party Defendant-Appellee St. Francis
Healthcare System of Hawaii[3]], Filed March 10, 2023 [DKT 116][,]
. . . [St. Francis Medical Center's] Partial Joinder Filed April

---

[2]     The Honorable John M. Tonaki presided.

[3]     St. Francis Medical Center and St. Francis Healthcare System of
Hawaii are separate entities, and they are represented by separate counsel in
this litigation. They are referenced individually as **St. Francis Medical
Center** and **St. Francis Healthcare System**, and collectively as **St. Francis** in
this Summary Disposition Order.

25, 2023 [DKT 124], [St. Francis Healthcare System's] Partial Joinder Filed April 25, 2023 [DKT 126], and [Kamehameha Schools'] Partial Joinder, Filed April 26, 2023 [DKT 128]" (**Good Faith Order**), filed on May 30, 2023.

This appeal arises out of the circuit court's dismissal of Kamehameha Schools' cross-claims and third-party claims against St. Francis. The circuit court dismissed the cross-claims and third-party claims after certifying a good faith settlement between K.M., Kamehameha Schools, and St. Francis in 1CCV-21-0001113.

## I. BACKGROUND

In 2021, K.M. filed a Complaint against Kamehameha Schools, St. Francis Medical Center, and Defendant/Cross-claim Defendant-Appellee the Estate of Robert McCormick Browne (**Estate of Dr. Browne**),[4] pursuant to Hawaii Revised Statutes (**HRS**) § 657-1.8 (2016 & Supp. 2018). K.M. identified Dr. Browne, formerly employed as Chief of Psychiatry at St. Francis Medical Center, as having sexually abused her when she was a student at Kamehameha Schools. HRS § 657-1.8 permits certain actions "for recovery of damages based on physical, psychological, or other injury or condition suffered by a minor arising from the sexual

---

[4] Dr. Browne is deceased, and the Estate of Dr. Browne is a nominal appellee in this appeal.

abuse of the minor by any person" that would otherwise be time-barred.

K.M.'s Complaint asserted claims of negligence and gross negligence, and fraud and fraudulent concealment, against Kamehameha Schools.

Kamehameha Schools filed cross-claims against St. Francis Medical Center and the Estate of Dr. Browne, and third-party complaints against St. Francis Healthcare System and Third-Party Defendant/Cross-claim Defendant-Appellee Richard D. Gronna, as personal representative of the Estate of Dr. Browne (**Gronna**).[5]

K.M. entered into separate settlement agreements with Kamehameha Schools and St. Francis in February 2023, and, in March 2023, K.M. filed a Petition for Determination of Good Faith Settlement (**Petition**).

St. Francis Medical Center joined K.M.'s Petition to the extent it requested a determination that K.M.'s settlement with St. Francis Medical Center was made in good faith, and that St. Francis Medical Center be fully discharged from all liability for contribution to any other joint tortfeasors as it relates to K.M.'s claims. St. Francis Medical Center took no

---

[5] Gronna is a nominal appellee.

position with respect to K.M.'s request for a determination of a good faith settlement with Kamehameha Schools.

St. Francis Healthcare System separately joined the Petition, and took the same positions as St. Francis Medical Center.

Kamehameha Schools partially joined the Petition to the extent it requested a determination that K.M.'s settlement with Kamehameha Schools was made in good faith, and took no position with respect to K.M.'s request for a determination of a good faith settlement with St. Francis. Kamehameha Schools opposed the Petition to the extent it sought to bar, dismiss, or extinguish all cross-claims and third-party claims brought by Kamehameha Schools against St. Francis.

In May 2023, the circuit court held a hearing, granted the Petition and all joinders to the extent they sought a determination that each settlement was made in good faith, and entered its Good Faith Order dismissing the cross-claims and third-party claims. Kamehameha Schools timely appealed the Good Faith Order, and the appeal was docketed as CAAP-23-0000399.

## II. POINT OF ERROR

Kamehameha Schools raises a single point of error on appeal, contending that the circuit court erred in concluding that the good faith settlement bars all of Kamehameha Schools' cross-claims and third-party claims under HRS § 663-15.5 (2016).

We review the circuit court's conclusions of law de novo under the right/wrong standard.  State v. Hoshijo ex rel. White, 102 Hawaiʻi 307, 316, 76 P.3d 550, 559 (2003).  Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kamehameha Schools' contention as follows.

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement," provides, in pertinent part,

> (d)   A determination by the court that a settlement was made in good faith shall:
> (1)   Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . , except those based on a written indemnity agreement; and
> (2)   Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . , except those based on a written indemnity agreement.

St. Francis Medical Center argues that "[t]he plain language of the statute reflects the legislative intent to preclude not only contribution claims, but also 'any' other claims that might seek recovery against the settling party for the plaintiff's harm, whether such claims are styled as seeking 'indemnity,' 'subrogation,' 'contribution,' or anything else." The argument is contrary to the language of the statute and the legislative history.

HRS § 663-15.5 (Supp. 2001) originally provided:

> (d) A determination by the court that a settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . **for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.**

(Emphasis added.) For purposes of the statute, "joint tortfeasors" are "persons jointly or severally liable in tort for the same injury to person or property." HRS § 663-11 (2016). The claim bar applied only to claims for joint tortfeasor indemnity or contribution.

The legislature amended the statute in 2003. The phrase emphasized above was deleted and the words "except those based on a written indemnity agreement" were added. Subparagraph (2) was also added. 2003 Haw. Sess. Laws Act 146, § 1 at 344. The claim bar language substitution did not change its substance because a written indemnity agreement is not an equitable remedy. The House Judiciary Committee reported that "this measure is primarily a housekeeping measure." H. Stand. Comm. Rep. No. 712, in 2003 House Journal, at 1378. The Senate Judiciary and Hawaiian Affairs Committee similarly reported that the "purpose of this measure is to make clarifying and housekeeping amendments." S. Stand. Comm. Rep. No. 1205, in 2003 Senate Journal, at 1538. The Conference Committee reported that the "purpose of this measure is to make clarifying and housekeeping amendments" to "[m]ake technical, nonsubstantive amendments for clarity and consistency in style and language."

Conf. Comm. Rep. No. 9, in 2003 House Journal, at 1703, 2003 Senate Journal, at 949. Thus, the claim bar still applies only to claims for joint tortfeasor indemnity or contribution.

Contrary to Kamehameha Schools' contention, the circuit court did not authorize a "sweeping dismissal" of all claims – including those grounded on independent duties owed to Kamehameha Schools – against St. Francis. The circuit court's Good Faith Order stated,

> IT IS HEREBY ORDERED that the Petition is GRANTED. The Court finds that the settlements between [K.M.] and [Kamehameha Schools], and between [K.M.] and [St. Francis Medical Center] were in good faith. The Court also grants the Joinders insofar as the Joinders also seek findings of good faith as to the subject settlements. With respect to the issue of the dismissal of the cross-claims between the Defendants, the Court finds that [HRS] §[]663-15.5 is unambiguous and requires the dismissal of all cross-claims except cross-claims based on written indemnity agreements. The Court further finds that the purpose of the foregoing statute is to encourage settlements and put an end to litigation, and the Court finds that the dismissal of all cross-claims is consistent with these purposes. Finally, the Court notes that no evidence has been produced in this case of any indemnity agreements between the Defendants, whether written or implied. Therefore, all cross-claims between the parties are hereby DISMISSED.

As this court recently recognized in Abad v. Griffith,

> Reading all parts of HRS § 663-15.5 together, we conclude the trial court's approval of a good faith settlement under HRS § 663-15.5(d)(2) requires dismissal of only those crossclaims against a settling joint tortfeasor raised in the capacity of a joint tortfeasor, i.e., those seeking contribution or indemnity (directly or indirectly) for the injury (to the complainant) that is the subject of the good faith settlement.
>
> . . . [W]e examine, for this limited purpose, the nature of the [appellants'] claims against the [settling joint tortfeasors], i.e., to consider whether they seek contribution or indemnity for the original injury to [the appellees], as opposed to relief for alleged direct injuries to the [appellants].

Nos. CAAP-21-0000120 & CAAP-23-0000015, 2024 WL 5088457, at *5 (Haw. App. Dec. 12, 2024) (SDO).

In <u>Abad</u>, this court examined the nature of the appellants' claims, including the nature of the relief requested, and concluded that the appellants made "separate, unqualified requests for attorneys' fees and costs that are not tied to the [appellants'] liability to the [appellees]." <u>Id.</u> Here, Kamehameha Schools' cross-claims and third-party claims, including its breach of contract and <u>Uyemura v. Wick</u>[6] claims, arose out of the "original injury" to K.M. caused by Dr. Browne's abuse, and are "directly or indirectly" in the nature of contribution and indemnity claims.

The circuit court's dismissal of all the cross-claims and third-party claims is therefore consistent with the underlying purpose of HRS § 663-15.5 of protecting settling tortfeasors from contribution claims brought by nonsettling alleged joint tortfeasors.[7]

---

[6] 57 Haw. 102, 551 P.2d 171 (1976).

[7] Kamehameha Schools' reply brief argued that HRS § 663-15.5's dismissal provision applies only to cross-claims, not third-party claims, and that the circuit court therefore erred in dismissing the third-party claims asserted against St. Francis Healthcare System. We consider this argument, which Kamehameha Schools raised for the first time in its reply brief, waived. <u>See</u> <u>Campos v. Plan. Comm'n</u>, 153 Hawaiʻi 386, 404, 539 P.3d 170, 188 (App. 2023) ("Points raised for the first time in a reply brief are deemed waived.") (citation omitted); <u>see also</u> <u>Haw. Ventures, LLC v. Otaka, Inc.</u>, 114 Hawaiʻi 438, 472 n.17, 164 P.3d 696, 730 n.17 (2007) ("[A] point of error is deemed waived for failure to present any argument in its opening brief in the first instance and presenting such arguments in its reply brief to which no answer could be made.") (citations omitted).

## III. CONCLUSION

For the foregoing reasons, the circuit court's Good Faith Order is affirmed.

DATED:  Honolulu, Hawai‘i, September 26, 2025.

On the briefs:

Claire Wong Black,
for Defendants/Cross-
claimants/Third-Party
Plaintiffs/Cross-claim
Defendants-Appellants.

Andrew J. Lautenbach,
for Defendant/Cross-claim
Defendant/Cross-claimant-
Appellee.

David J. Minkin,
for Third-Party Defendant-
Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge